**LIBERTY MUTUAL INSURANCE COMPANY, Appellee,**

v.

**Virginia TAYLOR, Appellant.**

Supreme Court of Tennessee.

Nov. 26, 1979.

Rehearing Denied Dec. 31, 1979.

T. Arthur Jenkins, Manchester, for appellant.

Thomas H. Peebles, III, Nashville, for appellee.

## OPINION

COOPER, Justice.

Virginia Taylor has appealed from a judgment entered in the Circuit Court of Coffee County denying her benefits for injuries to her low back allegedly caused by a fall on the premises of her employer.

The suit arose from an alleged accidental injury sustained by Mrs. Taylor on June 18, 1977, while in the course of her employment as a cook for the Cracker Barrel Restaurant. Liberty Mutual Insurance Company, the workmen's compensation insurance carrier for Cracker Barrel, initially accepted the claim as compensable and paid temporary total disability benefits to Mrs. Taylor. Subsequently, appellee stopped paying benefits and brought the present action seeking a judicial determination of its liability, if any, under the workmen's compensation act. See T.C.A. § 50–1018. The trial judge denied benefits to Mrs. Taylor on the grounds (1) that she had intentionally misrepresented her physical condition in making application for employment, and (2) that the permanent disability claimed by her was not causally related to the injury she sustained while working for the Cracker Barrel.

Appellant insists there is no material evidence to sustain the trial judge's findings, either as to the issue of misrepresentation or the lack of causal relationship between her disability and her on-the-job fall. Appellant also takes issue with the trial judge's action in permitting appellee to amend its complaint to charge appellant with falsely answering questions on her employment application.

As to the latter contention of appellant, Rule 15.01 of the Tennessee Rules of Civil Procedure provides that leave to amend pleadings shall be freely given by the trial judge, where the amendment is necessary to do justice. The amendment in the instant case was necessary to bring before the Court an issue which, if found in favor of the pleader, would be conclusive of the case; consequently, we find no abuse of discretion on the part of the trial judge in allowing the amendment. See Branch v. Warren, 527 S.W.2d 89 (Tenn.1975); Derryberry v. Ledford, 506 S.W.2d 152 (Tenn. App.1973).

As to the other assignments, the more obvious basis of denial of benefits to appellant was the finding that appellant misrepresented the state of her health and her medical history in making application for employment, and it is this basis which will be discussed in this opinion.

In Federal Copper & Aluminum Company v. Dickey, 493 S.W.2d 463 (Tenn. 1973), this court held that three factors must be present before a false statement in employment application will bar recovery of workmen's compensation benefits. First, the employee must have knowingly and wilfully made a false representation as to her physical condition. Second, the employer must have relied upon a false representation and this reliance must have been a substantial factor in the hiring. Third, there must have been a causal connection between the false representation and the injury. The causal connection required is a factual showing that the injury upon which the workmen's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer. See Federal Copper & Aluminum Company v. Dickey, supra. Except in the most obvious cases, such causation must be established by expert medical testimony. Cf. Floyd v. Tennessee Dickel Company, 225 Tenn. 65, 463 S.W.2d 684 (1971).

In the instant case the appellant, in making application for employment with Cracker Barrel, stated she had no physical defects and that she had never received an injury or "physical compensation." In truth, she had had three prior claims for injuries to her back, each allegedly caused by a fall on premises of an employer. Each of the injuries was treated by a different doctor and appellant never told the treating physician of an earlier injury. In each instance, the treating physician found that appellant had a congenital defect in her back known as spondolythesis and, in each instance, the

physician concluded that the condition had been aggravated by appellant's reported fall. One claim, that against the Hat Corporation of America, resulted in appellant being paid benefits under the workmen's compensation act for permanent partial disability of fifty percent to the body as a whole. A second claim for workmen's compensation benefits—this being against the Coffee County General Hospital—was pending in the Chancery Court of Coffee County at the time appellant made application for employment by Cracker Barrel. Appellant subsequently received benefits in that suit for a permanent partial disability of twenty-five percent to the body as a whole.

Larry Kilgore, who was the manager of the Cracker Barrel Restaurant when appellant applied for employment, testified that he would not have employed appellant if he had known appellant had a congenital back defect and had received compensation for permanent disability to the body as a whole.

The trial judge found as a matter of fact that:

[T]he employee in this case knowingly and wilfully made a false representation as to her physical condition, the employer relied upon said false representation and that this reliance was a substantial factor in the hiring, and that there was a causal connection between the false representation and the injury, i.e., the injury upon which the claim is based is found to have been causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer, in this instance back injuries.

These findings by the chancellor cover the factors which this court has held must be present before a false statement in an employment application will bar recovery of workmen's compensation benefits. *See Federal Copper & Aluminum, supra: Quaker Oats Co. v. Smith,* 574 S.W.2d 45 (Tenn. 1978).

Appellant does not question the trial judge's finding that she materially misrepresented her state of health and medical history in her application. She does, how-ever, take issue with the finding that the employer relied upon the misrepresentations, pointing to testimony of appellant that the assistant managers of the Cracker Barrel knew of her "back problems." As to the testimony by appellant on this issue, the trial judge had the following to say:

The Court does not believe the employee's testimony concerning alleged statements of Mr. Luna and/or an individual named Fox on the basis of her demeanor, obviously false testimony and false statements contained in the applications, and her general appearance as to credibility while testifying.

In a workmen's compensation case, where the issue on appeal is basically one of fact, this court does not weigh evidence, nor decide the credibility of witnesses. Those are issues for the trial judge. *General Shale Products Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736 (1957). Our review is limited to a determination of whether there is any material evidence in the record to support the trial judge's findings. If there is, we are bound to accept them. *Jones v. Lenoir City Car Works,* 216 Tenn. 351, 392 S.W.2d 671; *General Shale Prod. Corp. v. Casey, supra.*

In our opinion, the evidence set out above is material and supports the finding of the trial judge that appellant knowingly and wilfully misrepresented her physical condition in making application for employment by the Cracker Barrel, that her employer relied on the misrepresentation in giving her employment, and that there was a causal relation between the misrepresentation and the injury that is the predicate of the present action.

The judgment entered in the trial court is affirmed.

Appellee has moved this court for a declaration that the appeal in this case was frivolous and for damages provided in T.C.A. § 27–124. We agree with appellee that the appeal had no reasonable chance of success. The material issues raised by the appeal were issues of fact and there clearly was material evidence to support the trial

judge's findings on those issues. We hold, therefore, that the appeal was frivolous and that appellee is entitled to damages. *See Davis v. Gulf Insurance Group*, 546 S.W.2d 583 (Tenn.1977). The damages will be fixed by the trial judge on remand of the cause and they will consist of the court costs and all of appellee's reasonable expenses, including attorney's fees, incident to the appeal.

Affirmed and remanded.

BROCK, C. J., HARBISON and HENRY, JJ., and DAUGHTREY, Special Justice, concur.