**Charles Edward CARR, Appellee,**

v.

**KLOPMAN MILLS, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

March 5, 1984.

---

C.T. Herndon III, Herndon, Coleman, Brading & McKee, Johnson City, for appellant.

M. Stanley Givens and G. Richard Johnson, Myers, Johnson & Givens, Johnson City, for appellee.

## OPINION

COOPER, Justice.

In this worker's compensation case, the employer appeals from a decree awarding appellee worker's compensation benefits for a disability due to an occupational disease of the lungs. Appellant insists there is no material evidence to support the award.

T.C.A. § 50–6–301 provides for recovery of worker's compensation benefits where disability results from an occupational disease, including any disease of the lungs, "arising out of and in the course of employment." The statute goes on to state that:

A disease shall be deemed to arise out of the employment only if:

(1) It can be determined to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;

(2) It can be fairly traced to the employment as a proximate cause;

(3) It has not originated from a hazard to which workers would have been equally exposed outside of the employment;

(4) It is incidental to the character of the employment and not independent of the relation of employer and employee;

(5) It originated from a risk connected with the employment and flowed from that source as a natural consequence, though it need not have been foreseen or expected prior to its contraction; and

(6) There is a direct causal connection between the conditions under which the work is performed and the occupational disease....

The appellee, Charles Edward Carr, was employed by the Klopman Mills from 1964 to 1980. His first assignment was that of a "loom cleaner," which necessitated his getting under the machines and removing the large amounts of dust and lint from under and on the looms. Mr. Carr worked at this task for some two and one-half years, and was then promoted to "magazine filler." As such, one of his duties was to brush lint and dust from the tops of the moving looms. Two and one-half years later, Mr. Carr was made an "oiler." An oiler is required to stand close to the moving looms and oil them with an oil can. As the oiling operation takes place while the looms are in operation, the oil mist sprays back in the face of the oiler and over the work area.

Mr. Carr testified that throughout his employment at Klopman Mills, the lint, dust, and oil mist in the air was so bad that you could not see from one end of the weaving room to the other.

In December, 1979, while undergoing surgery for the repair of a hernia, Mr. Carr complained of shortness of breath and tightness in his chest. As the result of the complaint, Mr. Carr was referred to and underwent a series of examinations and tests by three physicians with different specialties—an internist, an allergist, and an internist specializing in pulmonary medicine. Mr. Carr was also examined by a

board-certified internal medicine specialist on request of the appellant.

The diagnoses of the several physicians were different. Dr. Robert Allen, the treating internist, concluded that the appellee had an obstructive pulmonary disease with evidence of interstitial fibrosis and byssinosis. According to Dr. Allen, "it is probable that his employment was causal in his lung disease, and that there was significant contribution from his exposure to dust." He further testified that the appellee's exposure to inhaling and breathing oil mist in the plant was a contributing factor in causing appellee's lung disease. Dr. Allen also expressed the opinion that Mr. Carr's condition and resulting disability were permanent.

Dr. Claude Frazier, the allergist, testified that appellee was suffering from byssinosis, occupational asthma, and allergic rhinitis, and that there was a causal connection between Mr. Carr's work and the condition of his lungs. Dr. Frazier further testified that as the result of the lung diseases, Mr. Carr was totally and permanently disabled.

Dr. J. Mehta, a specialist in internal medicine with a subspecialty in pulmonary medicine, testified that in his opinion Mr. Carr was suffering from interstitial fibrosis, which could be byssinosis or any other cause of fibrosis, and that it was a permanent and disabling condition. Dr. Mehta also testified that Mr. Carr's exposure to regular industrial dust could have caused the ailment and that the fibrosis might be related to his exposure.

Dr. William O'Neill, the internal medicine specialist who examined appellee at the behest of the appellant, testified that Mr. Carr did not have either byssinosis or interstitial fibrosis, nor did he have any impairment of pulmonary function "that should prevent him from engaging in ordinary activities;" that he did have chronic bronchitis and depression, but that neither were causally connected with his employment.

The chancellor was unable to decide from the medical evidence whether Mr. Carr's disability was due to byssinosis, interstitial fibrosis, or severe asthma, noting that Dr. Metha had testified that Mr. Carr "has suffered permanent damage to the lungs from probably a combination of these." The chancellor did find, however, that whatever label was placed on the lung disease, Mr. Carr "very definitely has a serious lung disorder; that the preponderance of the evidence is that [Mr.] Carr's disabilities are directly related to his employment at the Defendant's plant." The chancellor further found that appellant was permanently and totally disabled within the meaning of the Worker's Compensation Law.

In a worker's compensation case, this court does not weigh evidence, nor decide the credibility of witnesses. Those issues are for the trial judge. *Liberty Mutual Insurance Co. v. Taylor*, 590 S.W.2d 920 (Tenn.1979). The review by this court is limited to a determination of whether there is any material evidence in the record to support the findings of the trial court. If so, we are bound to accept them. *Kingsport Press, Inc. v. Van Huss*, 547 S.W.2d 572 (Tenn.1977); *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 (Tenn.1977).

■ In this case, several medical witnesses gave their professional opinion as to the nature of the lung disease suffered by the appellee and the causal relation between appellee's work environment and the disease. Though differing as to the appellation to be placed on the disease, the greater number of witnesses were of the opinion that appellee is permanently disabled as the result of a lung disease directly caused by the work environment. The chancellor concluded that the opinions of the several doctors called as witnesses by the appellee should be accepted over that of the other expert witness and that they contained the most probable explanation in view of the known facts. This conclusion, being supported by testimony of expert witnesses, is binding on this court.

■ The motion filed on behalf of the employee for damages under T.C.A. § 27–1–122 is denied. Despite the fact that the

"material evidence rule" is well settled and axiomatic in worker's compensation cases, we cannot say that the appeal in this case was so devoid of merit as to justify the imposition of a penalty against an employer who diligently and in good faith sought an appellate review of the issues. Therefore, in our discretion we decline to assess appellant with fees and damages for a frivolous appeal.

The judgment of the trial court is affirmed, and the cause is remanded to that court for enforcement of the judgment and for entry of any further orders which may be necessary. The costs are taxed to the appellant.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.