John EVANS, Appellee,

v.

OLIN CORPORATION, Appellant.

Supreme Court of Tennesee,
at Knoxville.

March 4, 1985.

Denny E. Mobbs, Cleveland, for appellant.

Conrad Finnell, Cleveland, for appellee.

## OPINION

COOPER, Chief Justice.

In this worker's compensation case, the employer appeals from a decree awarding appellee benefits for a twenty percent disability to the body as a whole. Appellant insists "there is no material credible evidence establishing the plaintiff has incurred a permanent partial disability causally connected with the three chlorine exposures at work." Appellee, on the other hand, insists the appeal is frivolous and asks for damages as provided by T.C.A. § 27–1–122.

There were two hearings or trials in this case. At the close of each, the chancellor found the appellee to have a permanent partial disability of twenty (20) percent to the body as a whole from exposure to liquid chlorine.

It is undisputed in the record that appellee was exposed to liquid chlorine on three occasions. The first exposure, and the most serious, was on April 16, 1981. Mr. Evans was removing a phlange on a chlorine line, when liquid chlorine under pressure escaped. The chlorine struck Mr. Evans in the face and on the shoulder. Mr. Evans underwent emergency treatment at the plant and was released to go home. His condition worsened and he was admitted to the hospital in Etowah by Dr. Luis Ordonez.

Dr. Ordonez testified that, on admission, Evans was experiencing a choking sensation and that he had congestion in his lungs. X-rays taken on admission revealed that both of appellee's lungs were covered with a special type of patches and appellee had a chemical type of pneumonia. According to Dr. Ordonez, "it was a typical type of pneumonia for the history he gave, that was the inhaling of the chlorine." Dr. Ordonez also noted that "the corrosive type chlorine ... it burns the tremendously small bronchial tubes."

Dr. Ordonez also testified that on admission, Mr. Evans' white blood count was extremely high, "that [it was] a combustion in his system he was fighting. It is like when you burn yourself. This was more or less a burn inside of his lungs."

The radiologist's report relating to the first accident concluded that "the patient was exposed to chlorine gas and there is alveolar infiltration in both lungs primarily on the right side. This represents a chemical pneumonia and with chlorine gas is a very serious condition."

Mr. Evans was hospitalized for treatment of the chlorine inhalation for a total of two weeks, and was not released to return to work until June 1, 1981. Dr. Sheldon E. Domm, the then treating physician, suggested that Mr. Evans "return to work preferably in a job not involving breathing chlorine."

Mr. Evans' second exposure to chlorine occurred on August 18, 1981, when an operator let a tank overfill with chlorine. Appellant sent Mr. Evans back to Dr. Domm for treatment. Two weeks later Mr. Evans was released to return to work. Dr. Domm was not called as a witness by either party, but his medical records are a part of the evidence considered by the chancellor.

A third exposure occurred on September 24, 1981. Mr. Evans returned to Dr. Ordonez for treatment. Dr. Ordonez recommended to appellant that Mr. Evans be assigned work "that doesn't require any contact or inhalation of chlorine." On September 28, 1981, appellant terminated Mr. Evans' employment "due to health reasons."

The chancellor concluded that appellee had a permanent disability of twenty percent to the body as a whole. Neither party, however, was satisfied with the chancellor's decision. Each party filed a motion, the effect of which was to have the chancellor reconsider his decision.

At a subsequent hearing, the parties introduced the report of Dr. B. Daniel Harnsberger, a specialist in pulmonary diseases, who reported among other things that appellee had "a significant impairment of diffusing capacity [in the lungs], compatible with loss of alveolar surface membrane units."

The plaintiff also introduced the deposition of Dr. Don Gibson, a general practitioner, who expressed the opinion that Mr. Evans had sustained a twenty (20) percent medical impairment as a consequence of his on-the-job injuries.

The chancellor then reaffirmed his earlier disability evaluation, noting that:

It is obvious to the court that the plaintiff is in physical difficulty and that he suffered an industrial accident just before his disability. No other cause seems to fit or be the reason for the disability. The court is inclined to reaffirm its twenty (20%) percent permanent partial disability. This because the liquid chlorine must do damage where gasious chlorine doesn't.

Appellant reasons that since the chancellor did not specifically comment one way or the other on Dr. Gibson's testimony, the chancellor must not have found it credible. Appellant then argues that absent Dr. Gibson's testimony there is no credible material evidence on the issues of medical causation and permanency of disability.

In a worker's compensation case, this court does not weigh evidence, nor decide the credibility of witnesses. Those issues are for the trial judge. *Liberty Mutual Insurance Co. v. Taylor,* 590 S.W.2d 920 (Tenn.1979). The review by this court is limited to a determination of whether there is any material evidence in the record to support the findings of the trial court. If so, we are bound to accept them. *Kingsport Press, Inc. v. Van Huss,* 547 S.W.2d 572 (Tenn.1977); *Davis v. Gulf Ins. Group,* 546 S.W.2d 583 (Tenn.1977).

■ The chancellor refused to exclude Dr. Gibson's testimony on considering the motion to do so filed by appellant, and so far as the record shows, consider it along with lay and other medical testimony. Under the scope of our review, we are bound to accept Dr. Gibson's testimony at face value. It, standing alone, is sufficient to support the chancellor's findings on the issues of medical causation and permanency of disability. But aside from Dr. Gibson's testimony, there is medical evidence that appellee sustained a burning type injury in his lungs, which was described in the radiologist's report as "alveolar infiltration," and that appellee has "a significant impairment of diffusing capacity, compatible with loss of alveolar surface membrane units." This type injury interferes with appellee's physical activities. In our opinion, it also supports the chancellor's finding that appellee has a permanent disability as the result of his exposure to liquid chlorine.

The judgment entered in the trial court is affirmed.

■ The appellee has moved this court for a declaration that the appeal in this case was frivolous and asks for damages

incident to defending against the appeal. We agree with appellee that the appeal had no reasonable chance of success. The material issues raised by the appeal were issues of fact and there unquestionably was material evidence to support the chancellor's findings. We hold, therefore, that the appeal was frivolous and that appellee is entitled to damages. *See Davis v. Gulf Insurance Group*, 546 S.W.2d 583 (Tenn. 1977). The damages will be fixed by the chancellor on remand of the case and they will consist of the court costs and all of appellee's reasonable expenses, including attorney's fees, incident to the appeal.

Affirmed and remanded.

FONES, BROCK, HARBISON, and DROWOTA, JJ., concur.