**Glenn H. HALL, Appellant,**

v.

**AMERICAN FREIGHT SYSTEM, INC., Appellee.**

Supreme Court of Tennessee, at Nashville.

March 25, 1985.

Pat Nichol, Antioch, for appellant.

Barry L. Howard, Gracey, Maddin, Cowan & Bird, Nashville, for appellee.

## OPINION

FONES, Justice.

This is a worker's compensation case in which the trial court, after considering all the evidence, denied plaintiff's claim for permanent partial disability.

On November 1, 1982, Glenn Hall, a 61-year-old truck driver employed by American Freight System, was driving alone in defendant's truck between St. Louis and Louisville when the truck allegedly hit a series of defects in the highway causing plaintiff to repeatedly strike his head on the top of the cab.[1] Plaintiff maintains that as a result of this November 1 incident he suffered an injury to his cervical spine and neck and that he is permanently disabled and entitled to worker's compensation benefits.

The determinative issue on this appeal is whether there is any material evidence to support the finding of the chancellor that plaintiff was not permanently disabled as a result of the November 1 accident. Issues as to the causation and permanency of an injury are questions of fact, and the findings of the chancellor on these issue are binding on the Supreme Court if supported by any material evidence. *Seay v. Town of Greenville,* 587 S.W.2d 381, 383 (Tenn.1979). Because there is material evidence to support the findings of the trial court, we must affirm. T.C.A. § 50–6–225(e).

Plaintiff was initially examined by a neurosurgeon, Dr. William Moore, on De-

---

1. Although the complaint asserts that plaintiff struck his head on three separate occasions, Mr. Hall testified at trial that he struck his head "4, 5 or possibly 6 times." This is just a portion of plaintiff's testimony, from which the chancellor justifiably questioned plaintiff's credibility. The trial court's memorandum opinion also noted that in his complaint the plaintiff stated the incident occurred at Mt. Vernon, Illinois, but he told his supervisor that it occurred near Louisville.

cember 9, 1982. Dr. Moore, based primarily on a history of no prior neck or back problems [2] and on plaintiff's limitation of movement, estimated a 19% impairment of function to the body as a whole for the period between December 1982 and February 1983. Dr. Moore, however, later expressed reservations about the reliability of his findings based on his final examination of Mr. Hall on January 24, 1984. Dr. Moore stated that if he had known of plaintiff's history of back-related problems he would have been less sure as to the causation of plaintiff's alleged injury. Dr. Moore further stated that plaintiff appeared to be dramatizing his complaints, indicating that at the January 24 examination, Mr. Hall "stood and walked in a manner that was substantially different from what he had been observed to walk into the office area from the elevator a short time prior to the examination." Dr. Moore, therefore, concluded that he could not make an accurate estimate of impaired function because his earlier findings were not sufficiently reliable, and that he could not ascribe plaintiff's symptoms to any specific condition.

Dr. Warner Wood, an Atlanta orthopedic surgeon, examined plaintiff on September 2, 1983, at the request of defendant-employer. Dr. Wood stated that there were no objective findings of permanent physical impairment, but he estimated a 5% physical impairment to the body as a whole, based solely on subjective complaints. Dr. Wood, however, like Dr. Moore, expressed reservations as to the reliability of the subjective findings, and after an extensive explanation in which he detailed his reasons why he questioned plaintiff's condition, concluded that Mr. Hall was attempting to exaggerate the severity of his symptoms.

The chancellor also considered evidence that plaintiff had a number of health problems which made it difficult to conclude that his disability resulted from the November 1 accident. Not only did Mr. Hall

suffer from arthritis, emphysema and cancer, but, most importantly, plaintiff also had a history of back and neck pain that he concealed from both the treating physician, Dr. Moore, and the examining physician, Dr. Wood. There is material evidence to support the factual conclusions reached by the chancellor, and we, therefore, affirm.

Appellee has asserted that this is a frivolous appeal under T.C.A. § 27–1–122. We agree that this is an appropriate case for the award of damges for a frivolous appeal because the issues raised by appellant were issues of fact with abundant material evidence supporting the chancellor's findings. *Liberty Mutual Ins. Co. v. Taylor*, 590 S.W.2d 920 (Tenn.1979).

The judgment of the trial court dismissing the claim for worker's compensation benefits is affirmed, and the case is remanded to the trial court for a determination of damages for a frivolous appeal. Costs are adjudged against plaintiff.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

---

**2.** Although plaintiff did not relate a history of prior neck or back problems to Dr. Moore, in response to defendant's Rule 36 requests for admissions, Mr. Hall admitted a long history of back and neck problems prior to the November 1 incident.