**Richard Dean ST. CLAIR and, Carolyn St. Clair Berkemeier, Plaintiffs/Appellees,**

v.

**Shelba St. Clair EVANS, Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Feb. 25, 1993.

Application for Permission to Appeal Denied by Supreme Court June 1, 1993.

Harry Berke, Berke, Berke & Berke, Chattanooga, for defendant/appellant.

Hugh P. Garner, Garner, Lewis & Prickett, Chattanooga, for plaintiffs/appellees.

FARMER, Judge.

The trial court held that a resulting trust existed in that Carolyn St. Clair Berkemeier conveyed real property to her son and daughter-in-law, Richard Dean St. Clair and Shelba St. Clair Evans, in order that the property could be used as collateral for a loan and that, by oral agreement, the property was to be reconveyed to the mother after the loan had been repaid. The couple divorced sometime after this transaction. Ms. Evans appealed to this Court and, in an opinion filed October 6, 1988, this Court determined that the mother was a necessary party and remanded the cause to the trial court so that the mother could be made a party plaintiff or defendant pursuant to Rule 19.01 T.R.C.P. The opinion further provided that: "After the mother has been made a party, either party may present any further evidence he/she deems necessary."

Upon remand, the mother was added as a party plaintiff and evidence presented to the trial court which largely consisted of cumulative testimony from the prior hearing. The Chancellor found no basis to change his prior ruling. Ms. Evans appeals, contending that the trial court erred in not allowing her jury demand for the remand hearing; that the evidence does not support the findings and conclusions of the Chancellor; that Plaintiffs' action is barred by laches and that the Chancellor's decision had the effect of amending the divorce decree.

Upon remand, an amended complaint was filed including Ms. Evans as a plaintiff. Ms. Evans answered the amended complaint and demanded a jury. The purpose of the remand by this Court was to allow the mother to be added as a party and to allow either party to present further evidence as deemed necessary. It is clear that the purpose of the remand was not for a trial *de novo*. The amended complaint is identical to the original complaint except for the addition of Ms. Berkemeier as a plaintiff. The first hearing before the trial court was without the intervention of a jury, neither party having demanded one. We conclude that the trial court did not err in refusing Defendant's jury demand, which came too late.

Richard was residing in the subject property at the time of his marriage to Shelba and it then became their place of residence. This had been his boyhood home. On or about February 1, 1963, Mother conveyed the property to Richard and Shelba and, on that date, Richard and Shelba executed a note in the principal amount of $6,000 payable to First Federal Savings & Loan Association of Chattanooga and a deed of trust conveying the property to secure the note. The deed and deed of trust were recorded February 4, 1963. Richard and his mother both testified that the purpose of the conveyance was to provide some collateral in order that the loan could be made and secured and that it was agreed among the parties that, upon satisfaction of the debt, the property would be reconveyed to his mother. Mother and Son both testified as to this agreement but Shelba denies the existence of the agreement and contends that the property was a gift to her and Richard. Although the deed calls for consideration of $1.00 and other valuable considerations paid, all parties agree that nothing was paid to Mother. Mother testified that Shelba was present when the arrangement was discussed and Son testified that he could not remember whether she was present, but there was no doubt in his mind that Shelba knew of the agreement and was agreeable thereto.

Following Richard's and Shelba's divorce in 1967, Richard continued to live in the

house for a time, paying no rent. After he moved, Mother rented the house and received the rent. The divorce complaint was filed by Shelba. She testified that she did not mention the real estate in her complaint and made no claim therein, that after the divorce she claimed no rent and paid no taxes, insurance or repairs.

In 1985, Richard and his mother contracted to sell the property, but were advised that, because of the conveyance to Richard and Shelba, Shelba's name would need to be on the deed. When asked, she originally stated she would sign a deed but the following day refused to sign. Shelba testified that the reason she first consented to sign was to get rid of Richard.

The evidence presented at the remand hearing was essentially consistent with the previous testimony except that Mother had originally testified that she paid all of the taxes and insurance on the property. At the second hearing, she testified that she had been mistaken about this in that she paid the fire insurance but Richard had paid the taxes and other insurance.

■ The equitable power to establish a resulting trust applies to both real and personal property. The trust may be, and generally is, proven by parol evidence. However, this requires more than a mere preponderance of the evidence. *Estate of Wardell ex rel. Wardell v. Dailey*, 674 S.W.2d 293, 295 (Tenn.App.1983). The trust and its terms must be proven by evidence that is clear, cogent, and convincing. A trust may rest upon parol agreement where the declaration of trust is made prior to or contemporaneous with the transfer of the interest in realty. *Tansil v. Tansil*, 673 S.W.2d 131, 132 (Tenn.1984). Ordinarily, the testimony of a single, interested witness would not be sufficient to establish a trust by clear, cogent and convincing evidence. *King v. Warren*, 680 S.W.2d 459 (Tenn.1984).

■ In finding that a resulting trust existed, the Chancellor obviously believed the testimony of Plaintiffs over that of Defendant as to the agreement. The findings of the trier of fact are dependent upon the credibility of witnesses and is accorded great weight by this Court, the trial court having the opportunity to observe the appearance and demeanor of the witnesses. *Tenn–Tex Properties v. Brownell–Electro, Inc.*, 778 S.W.2d 423 (Tenn.1989). Having reviewed this record, we do not find the evidence to preponderate against the findings of the trial court.

Although Appellant cites laches in her issues, she did not argue this issue and it is therefore waived. We find no merit to the issue that this decision by the trial court in effect amended the divorce decree.

The judgment of the trial court is affirmed. Costs of this cause are taxed to the appellant, for which execution may issue if necessary.

TOMLIN, P.J. (W.S.), and CRAWFORD, J., concur.