IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

LINDA ANN CARLTON,                    Haywood Chancery No. 9797
                                      C.A. No. 02A01-9503-CH-00050
        Plaintiff/Appellee,
                                      Hon. George R. Ellis, Judge
v.

JAMES THOMAS CARLTON,

        Defendant/Appellant.

FILED

July 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

HAROLD F. JOHNSON, Jackson, Attorney for Plaintiff/Appellee.

PAT H. MANN, Jr., Brownsville, Attorney for Defendant/Appellant.

*AFFIRMED*

Opinion filed:
_____

TOMLIN, Sr. J.

        This current litigation is what we shall call economic fallout from an earlier

domestic relations case. Linda Ann Carlton ("plaintiff") filed suit for divorce in 1990

from James Thomas Carlton ("defendant") in the Chancery Court of Haywood

County. In October 1991, the chancellor granted plaintiff a divorce from

defendant on the grounds of cruel and inhuman treatment, awarded joint custody

of the parties' 28 year-old handicapped daughter, Donna, with the principal place

of residence with plaintiff, divided the parties' marital property, and awarded

rehabilitative alimony and attorney's fees to plaintiff. Defendant appealed to this

court. The primary issues presented on appeal related to the custody of the parties'

daughter, the division of marital property, and the award of rehabilitative alimony

and attorney's fees to plaintiff. The record reflects that the marital property was

valued in excess of two million dollars ($2,000,000), with defendant and plaintiff

receiving slightly over one million dollars ($1,000,000) each as a result of the

chancellor's decree.

        The relevant portion of this court's opinion and judgment filed September 24,

1993 deals with the trial court's division of the parties' marital property. Defendant's

1

primary issue on appeal was that the trial court erred in awarding all of the parties' farmland to plaintiff. Defendant contended that the effect of this award was to reduce his ability to earn a livelihood.

The record in the trial court reflected that the parties had each contributed substantially to the acquisition of the farmland that was a major portion of their marital property. The record also reflected that the majority of the crops sold by the parties' farm was raised on land owned by the parties. The record before this court also reflected that plaintiff did not object to a division of the farmland between the parties. Stated another way, at trial, plaintiff submitted a proposal to the chancellor whereby certain specific tracts would be awarded to her and others would be awarded to defendant. In exchange for giving up her claim to the tracts of land awarded to defendant, plaintiff proposed that she would receive a $442,600 promissory note payable over ten years at one percent over prime from defendant, secured by a mortgage on defendant's land.

With the exception of the award of the 9.5 acre tract on which the house and barns are located to defendant, this court accepted the division of property suggested by plaintiff. We therefore modified the trial court's division of marital property in that regard.[1] We concluded that the total value of the real property awarded to defendant was $429,200. We subtracted from this amount the sum of $78,000 in undistributed cash earnings from Poplar Corner Farms (the name of the parties' farm) that we found had been erroneously awarded by the trial court to defendant. We then held as follows:

> We therefore subtract $78,000 from $429,200, leaving a total of $351,200 payable by Defendant to Plaintiff over ten years at one percent over the prime interest rate. The note is to be secured by farmland awarded to Defendant under the divorce decree as modified by this court.

---

[1]For a detailed explanation of the resolution of these matters by this court, see Carlton v. Carlton, No. 02A01-9207-CH-00196, 1993 WL 38200, at *7 (Tenn. App. Sept. 24, 1993).

2

<u>Carlton v Carlton</u>, No. 02A01-9207-CH-00196, 1993 WL 382002, at *7 (Tenn. App. Sept. 24, 1993).

No appeal was taken by either party from the opinion and judgment of this court. The cause was remanded to the Chancery Court of Haywood County for the implementation of the order of this court. From reviewing this record since the remand, it appears that neither the trial court nor either of the parties have taken the necessary steps to cause to be executed and issued by defendant a promissory note payable to plaintiff in the amount of $351,200 at an interest rate of one percent over prime, payable monthly, and secured by a deed of trust constituting a first lien against the real property awarded to defendant by this court as part of its modification of the division of marital property in the original decree.

In June 1994 plaintiff filed a petition entitled "Petition Alleging Contempt and a Motion for Enforcement of the Terms of the Orders of the Court." Insofar as is relevant to this appeal, plaintiff contended that defendant was in contempt of court for failing to make monthly payments to her pursuant to the divorce decree as modified by this court. Plaintiff called upon the trial court to direct defendant to abide by the orders of the court. It was further alleged that plaintiff had failed to make monthly payments for several months in connection therewith.

Defendant filed a response to plaintiff's petition in the form of an Answer, in which he stated in part as follows:

> 4. He admits that the Court of Appeals ordered him to pay $351,200.00 to the petitioner as set out in paragraphs 11 and 12 of the petition but would show to the Court that the ten-year payment period was for the benefit of the defendant and not the petitioner since she can earn the same amount of interest on other investments of the proceeds.
>
> 5. He would show to the Court that on May 18, 1994, he had his attorney mail to the attorney for the petitioner a check in the amount of $360,629.48, a copy of which is attached to this answer, which represented the $351,200.00 plus $9,429.48 interest. He, therefore, denies the allegations contained in paragraphs 14, 15, 16 and 17 of

3

the petition.

Plaintiff in turn filed a pleading entitled "Response to Affirmative Allegations in Answer," which in relevant part reads as follows:

> 4.      It is admitted that there was a letter from the Attorney for the Defendant, dated May 18, 1994, received in the office of the attorney for the plaintiff.  It was soon thereafter called to the attorney for the defendant's attention that the letter had been received; however, there was no check enclosed.
>
> 5.      The attorney for the defendant was further advised that payment in a lump sum did not comply with the Orders of the Court of Appeals, and that plaintiff expected the payments to be made in accord with the orders of the Court of Appeals.

The trial court conducted a hearing on the issues raised by these pleadings, at the conclusion of which it stated:

> On the issue of the land payment, the Court can see the benefit to both parties of a lump sum payment, however, the same does not appear to have an option by the decision of the Court of Appeals, and the Court finds that James Carlton must pay the $351,200.00 on a monthly basis at 1 percent over prime for a period of ten years.  The Court further finds that Mr. Carlton has not made his payment for February 1st through September 1, 1994, and gives Linda Ann Carlton judgment for the same at 1 percent over prime rate for each month.

In its order entered following the hearing the court stated:

> Defendant shall pay to the Plaintiff the $351,200 awarded to Plaintiff on a monthly basis at 1% over prime over a period of ten (10) years, as ordered by the Court of Appeals, Western Section, Jackson, in its decision filed on the 24th day of September, 1993.
>
> Plaintiff shall have Judgment against Defendant for the payments due to be made by the Defendant to the Plaintiff pursuant to the Orders of the Court of Appeals, Western Section, at Jackson, for those payments due on February 1, 1994 through September 1, 1994, as indicated on the schedule attached hereto and marked Exhibit "1" to this Order, for a total of $40,833.93.

On appeal defendant contends that the trial court erred in refusing to allow him to pay plaintiff the indebtedness of $351,200 in one lump sum payment. However, in his brief defendant fails to cite a single case as authority for being

4

entitled to the relief sought therein. Defendant cites no authority for the proposition that he may prepay the debt, nor does he cite any authority for the proposition that the trial court would have jurisdiction to modify a final judgment of this court. No petition to rehear was filed following the entry of the earlier opinion and judgment of this court on September 24, 1993, nor was any appeal taken therefrom.

Furthermore, the obligation created by this court in the September 1993 opinion and judgment is not one dealing with alimony or child support, but is a modification of the trial court's distribution of the parties' marital property. Unlike awards of alimony and child support, the trial court does not have continuing jurisdiction to make changes in the distribution of marital property. See T.C.A. § 36-5-101(a)(1) (Supp. 1995). This contention is without merit.

Accordingly, we affirm the finding of the trial court that the lump sum payment of the land payment was not an option given by this court and that defendant must pay the sum of $351,200 to plaintiff on a monthly basis at 1% over prime over a period of ten years. To the extent that none of the other judgments of the trial court conflict with this holding, they are affirmed as well.

This court wishes to make it clear to both parties, as well as to the trial court that in its earlier opinion it did not give a "judgment" in favor of plaintiff against defendant. To the contrary, we directed that plaintiff be given a promissory note signed by defendant, payable monthly at a specific interest rate and secured by first deed of trust on the tracts of land awarded to defendant as part of the distribution of marital property in our prior opinion and judgment. Upon remand it is incumbent upon of the trial court to ascertain that the directives of this court in its earlier opinion for the distribution of the parties' marital property are carried out. Defendant is obligated to execute a deed of trust to secure payment of this promissory note, which deed of trust shall constitute a first lien upon the subject properties. The trial court shall have the obligation of calculating any credits for

5

payments heretofore made by defendant toward this indebtedness and said credits shall be duly acknowledged in a form satisfactory to the parties. Counsel for both parties are strongly encouraged to cooperate with each other and with the court to bring this matter to a close within 45 days following the date of remand to the trial court.

Plaintiff has requested that this court declare defendants' appeal to be frivolous and assess costs. Inasmuch as successful litigants should not have to bear the expense and vexation of groundless appeals, the appellate courts are empowered to award reasonable damages, including legal expenses, against appellants whose appeals are frivolous or taken solely for delay. See Davis v. Gulf Ins. Group, 546 S.W.2d 583, 586 (Tenn. 1977); T.C.A. § 27-1-122 (1980). An appeal is considered to be frivolous if it is devoid of merit and if it has little chance of success. Liberty Mut. Ins. Co. v. Taylor, 590 S.W.2d 920, 922-23 (Tenn. 1979); Industrial Dev. Bd. v. Hancock, 901 S.W.2d 382, 385 (Tenn. App. 1995). In the case before us, defendant's appeal presents no debatable questions of law and is devoid of merit. As already noted, defendant presented no legal authorities for the relief which he sought in his brief, nor was defendant's counsel able to present any to this court at time of oral argument. Accordingly, we hold that this appeal is frivolous and remand the matter to the trial court for a hearing for the purpose of assessing damages and costs pursuant to T.C.A. § 27-1-122.

Having previously stated our affirmance of the decree of the chancellor, this cause is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs in this cause on appeal are taxed to defendant, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.

_____

6

HIGHERS, J.          (CONCURS)


_____

FARMER, J.          (CONCURS)