# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 31, 2000

## JOHNNIE ROBERTS v. CARL DOUGLAS ENGLAND

### Appeal from the Chancery Court for White County
### No. 9095    Vernon Neal, Chancellor

---

### No. M1999-02688-COA-R3-CV - Filed May 30, 2001

---

This is an appeal from a bench trial involving a boundary dispute between the parties. Testimony of the parties, other witnesses, the deeds, and the surveys of each party's surveyor were admitted into evidence. Considering all of the testimony and documentation submitted, the trial court held that the boundary as stated by the plaintiff's surveyor was the proper boundary. The sole issue on appeal is whether the plaintiff failed to join a third party adjoining land owner as an indispensable and necessary party, thereby resulting in the failure of the trial court to properly resolve fully and completely the dispute. For the reasons below, we vacate the judgment of the trial court and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

John Acuff, John Nisbet, and Michael H. Knowlton, Cookeville, Tennessee, for the appellant Carl Douglas England.

Larry B. Stanley, Jr., McMinnville, Tennessee and Diana C. Benson, Murfreesboro, Tennessee, for the appellee, Johnnie Roberts.

### OPINION

This appeal arises from a property dispute between the parties over the boundary line between their adjoining property in White County, Tennessee. The parties had wondered for some time as to the proper location of the boundary line, and plaintiff filed this cause on March 20, 1997 to have the court determine where the boundary line should be drawn. At the original trial on March 18, 1998, the court declared a mistrial and ordered the plaintiff to include all the necessary parties

1

including all of the children of William Roberts. After a motion and order allowing the joinder of all the children of William Roberts as plaintiffs, a bench trial was held on November 17, 1998. The court held for plaintiff, at which time defendant filed a notice of appeal and a motion for new trial on the ground that the verdict was contrary to the evidence. The motion for new trial was dismissed on defendant's own motion due to the inability to present the trial transcript.[1] This appeal was then pursued on the grounds that the trial court's failure to join an indispensable and necessary third party adjoining land owner did not allow the court to completely and fully resolve the boundary line issue.

According to the Statement of the Evidence, the plaintiff, Johnnie Roberts, and her husband, W.C. Roberts, owned the property in question. At the time of Mr. Roberts's death, Ms. Roberts was left a life estate in the property with the remainder going to their children. For this reason, the children were later joined as plaintiffs. The Roberts were deeded the property from Ms. Roberts's father in law, W. V. Roberts, who obtained the property by a deed executed in 1945 by J. R. Hennessee.

The other piece of property in this dispute belongs to defendant, Carl Douglas England, who obtained the property from Alf England by a deed executed in 1981. Alf England was deeded the property in 1946 from G. W. Rice who obtained the property from J. R. Hennessee in 1945.

The dispute was over the placement of a marker which marked a corner of the Roberts property and a corner of the England property. There were land surveys in 1982 by Tom Thaxton for the Roberts property and William "Sidney" Williford for the England property in 1995. The trial court obviously found the survey and testimony of Mr. Thaxton more credible and in line with the rest of the evidence and testimony of other witnesses in this case. Therefore, after all the evidence was presented, the court held "that the overwhelming weight of the evidence establishes the line between the parties as shown by the survey by Tom Thaxton, filed as Ex. #5 in this case." The court directed the attorney for the plaintiff to "prepare a survey description in the decree entered in this cause in accordance with Thaxton's survey." Essentially, that survey places the disputed corner ten to twelve feet north of Roberts Road instead of in the center of the road.

On appeal, Mr. England does not dispute the sufficiency of the evidence supporting the trial court's conclusion as to the proper location of the boundary marker. Instead, he asserts that the judgment must be vacated because a potentially-affected third party was not joined as a party to the action.

---

[1]Apparently, the court reporter was not able to produce the transcript. However, the record does contain a Narrative Statement of the Evidence which, after objections and additions, was ratified by order of the trial court. Additionally, the trial court included it's own Findings of Fact and Conclusions of Law, later ordering that corrections requested by defendant be incorporated.

I.

The sole issue presented by the defendant on appeal is whether the plaintiff's failure to join a third party adjoining land owner allowed the court to fully and properly dispose of the boundary dispute. Defendant asserts that a third party adjacent land owner, Christy McGinnis Scott, was not joined as an indispensable and necessary party pursuant to Tenn. R. Civ. P. 19.01.

Tenn. R. Civ. P. 19.01 provides:

A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

From the record before us, it appears that the defendant did not raise the issue of joinder of Ms. Scott at the trial court level. The first trial of this action was halted and a mistrial declared because of plaintiff's failure to join other indispensable parties. After those parties were joined, a new trial proceeded. There is no mention in the pleadings, orders, or statement of the evidence and findings of fact and conclusions of law to indicate that the question of other parties who would potentially be affected was raised below.

Generally, this court will not entertain an issue on appeal that was not raised in the court below. *Davis v. Tennessee Dept. of Employment Security*, 23 S.W.3d 304, 310 (Tenn. Ct. App. 1999) (citations omitted); *Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991) (citing *Lovell v. Metropolitan Gov't*, 696 S.W.2d 2 (Tenn. 1985); *Lawrence v. Stanford*, 655 S.W.2d 927 (Tenn. 1983)); *Harlan v. Hardaway*, 796 S.W.2d 953, 957 (Tenn. Ct. App. 1990). The philosophy behind this rule is that "[a] party cannot lie in wait during trial, raising no objection . . . and then, after the results, raise the issue for the first time on appeal." *Conner v. Conner*, No. 23, 1991 WL 148064 at *2 (Tenn. Ct. App. Aug, 7, 1991) (appeal denied Feb. 18, 1992).

However, one exception that has been consistently applied is necessary joinder of persons whose real property interests are potentially affected. *Citizens Real Estate & Loan Co., Inc. v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 764-66 (Tenn. Ct. App. 1981); *Lee v. Brown*, No. 89-230-II, 1989 WL 147497 at *1 (Tenn. Ct. App. Dec. 8, 1989) (no Tenn. R. App. P. 11 application filed); *Stuart v. City of White Pine*, No. 57, 1988 WL 86585 (Tenn. Ct. App. Aug. 19, 1988) (no Tenn. R. App. P. 11 application filed); *St. Clair v. Evans*, No. 829, 1988 WL 102767 at *2 (Tenn.

Ct. App. Oct. 6, 1988) (*aff'd* on appeal after remand, 872 S.W.2d 49 (Tenn. Ct. App. 1993)); *Carpenter v. Yount*, No. 14, 1986 WL 10150 at *3-4 (Tenn. Ct. App. Sept. 19, 1986) (no Tenn. R. App. P. 11 application filed).

In each of these cases, the reviewing court vacated and remanded the judgment of the court below and instructed the lower court to ensure all proper parties were joined before making a final determination of property owners' rights. *Id.*

In *Citizens Real Estate & Loan*, 633, S.W.2d at 766, the court held:

Rule 19 is designed to protect the interests of absent persons as well as those already before the court from multiple litigation and inconsistent judicial determination. We conclude the trial judge erroneously refused to require the joinder of third party landowners in the dispute. The remedy for non-joinder is not to dismiss the action but to direct the plaintiff to join the lot owners. We accordingly vacate the judgment and remand to the trial court for a new trial directing the plaintiff to join lot owners as defendants.

Further, in *Lee v. Brown*, 1989 WL 147497 at *1, this court noted that in the answer, the defendant alleged that the plaintiff failed to join a necessary party to a boundary dispute. However, there was no other mention of the third party's omission until the appeal. *Id.* This court noted that "[i]t is generally possible for a party to waive a position or defense to the extent that his own interests are affected. However, the circumstances of the present case involve more than the interests of the defendants in defending the suit, in which they were successful." *Id.* Also, in *Stuart v. City of White Pine*, 1988 WL 86585 at *1, this court held that all adjacent property owners must be joined under Tenn. R. Civ. P. 19.01 to a cause of action involving a boundary line dispute before an adjudication will be considered valid and binding. Because the judgment is otherwise not binding on third parties, all adjacent landowners or interested parties must be joined even if it is likely that the third party may agree in the judgment. *Lee v. Brown*, 1989 WL 147497 at *1; *St. Clair v. Evans*, 1988 WL 102767 at *2.

While the defendant should have raised the issue of Ms. Scott earlier, we cannot ignore the potential rights of third parties not joined in this action and given the opportunity to defend their potential claim. Before we vacate the judgment on the basis of the authorities cited, however, there must be some indication in the record that landowners actually exist whose interests might have been affected by the lawsuit. The record includes a deed to Ms. Scott's land, but there is no mention of it or the purpose of its introduction in the statement of the evidence. We don't know what testimony was presented regarding the deed and its impact, if any.

We have reviewed all the exhibits, including survey plats, deeds, and photographs and have attempted to interpret them in light of the statement of the evidence. The absence of testimony regarding the exhibits and the markings on them complicates the task.

4

The dispute herein appears to center on the proper location of a certain marker, which the parties have referred to as the "disputed corner." Therefore, anyone whose interest in real property could be affected by the location of the marker is a necessary and indispensable party. We are, however, unable on the record before us to determine whether such parties exist. Part of our difficulty lies in matching up various inconsistent descriptions of the corner at issue with the separate survey plats.[2]

The parties' briefs differ on whether Ms. Scott's property is affected by resolution of this boundary dispute. They are also inconsistent regarding their references to the corner marker in dispute. Ms. Roberts describes Ms. Scott's land as lying east of Mr. England's and northeast of her own, which is consistent with the Scott deed's reference to "going with England N12-14-21E". Mr. England asserts that the corner marker in dispute in this litigation is the same marker described in Ms. Scott's deed as the end of a line going with the northern side of Roberts Road "to a set sandstone marking the southwest corner of this described parcel and also a corner for Alf England."

Ms. Roberts acknowledges that the "set sandstone" referred to in the Scott deed apparently refers to the marker in dispute. She maintains, however, that the court's decision does not affect the Scott property's boundary "since that deed clearly indicates that the southern line of the property runs along the northern side of Roberts Road, there is no question which location marks the corner of the McGinnis Scott property."

The appropriate inquiry is not whether the court's final decision affected a nonparty's real property interest; the question is whether any resolution of the issues presented in the lawsuit could have affected another landowner. The dispute is over the boundary line drawn from a particular marker. Therefore, any movement of that marker has the potential to affect all landowners whose property is adjacent to or described by reference to that point.

We are unable to determine from the record provided if there are any other land owners who share the same marker as part of their property description or whose real property interest may be impacted by a ruling on the location of the marker. Therefore, we must vacate the court's judgment and remand for further proceedings. The trial court should first determine whether the location of the marker has the potential to affect any other person's real property interest. If so, the court should

---

[2]The Narrative Statement of the Evidence, Findings of Fact, and Conclusions of Law refers to the marker as marking the Roberts property's northeast corner and the England property's southwest corner. "Thaxton [plaintiff's surveyor] emphatically testified and the court finds that where the rock previously stood and where the post now stands is plaintiff's [Roberts] **northeast** corner and the defendant's [England] **southwest** corner." The court later allowed amendment to the narrative statement of the evidence to include, at the defendant's request, an additional paragraph regarding evidence at the trial. In pertinent part, that amendment includes the following, "the Defendant, Mr. Carl England testified the **southeastern** corner of his property, the **northeast** corner of the Roberts's property, was in the middle of the paved road." In his brief Mr. England argues that his "**southeast** corner runs to the center of Roberts Road," but states that Ms. Roberts "contends her **northwest** boundary line runs 10-12 feet north of Roberts Road." Ms. Roberts refers to the dispute as "affecting the **southeast** corner of Mr. England's property and the **northeast** corner of her property." While the northeast, southeast combination appears to be the most likely one, we cannot alter the trial court's findings with no evidentiary record before us.

5

require the plaintiff to join such parties pursuant to Rule 19.01. If such parties, after joinder, indicate their agreement with plaintiff's position, and, therefore, the court's resolution, we see no reason to afford Mr. England a new trial. The court has ruled against him, and he has not appealed the merits of that ruling. Rule 19.01 is designed to protect the interests of absent persons as well as the litigants from multiple lawsuits and inconsistent judgments. That purpose is served if the absent third parties are joined as parties and given the opportunity to request a new trial "to present further evidence as deemed necessary. It is clear that the purpose of the remand [is] not for a trial *de novo*." *St. Clair v. Evans*, 857 S.W.2d 49, 50 (Tenn. Ct. App. 1993). The purpose is not served by giving Mr. England another trial on the same issue, another bite at the apple, if no other affected party seeks one.

III.

Plaintiff also filed a motion for sanctions and damages for a frivolous appeal in accordance with Tenn. Code Ann. § 27-1-122. Tenn. Code Ann. § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

However, an award of damages under § 27-1-122 is discretionary. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

It is well settled that neither a party, nor this court, should have to bear the costs and vexation of a meritless appeal. *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999) (citing *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989)). An appeal is considered frivolous if there is no reasonable chance of success or if it is devoid of merit. *Id*. (citing *Davis*, 546 S.W.2d at 586; *Industrial Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)); *Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998) (citing, among others, *Liberty Mut. Ins. Co. v. Taylor*, 590 S.W.2d 920 (Tenn. 1979) and *Wilson v. Ricciardi*, 778 S.W.2d 450 (Tenn. Ct. App. 1989)); *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978).

"Under the *de novo* review standard, our Supreme Court has consistently denied motions for frivolous appeal where the appeal presented issues of factual dispute." *Elliott v. Blakeford at Green Hills Corp.*, No. M2000-00512-WC-R3-CV, 2001 WL 456482 at *9 (Tenn. Sp. Work. Comp. Panel May 1, 2001) (citing *Boruff v. CNA Ins. Co.*, 795 S.W.2d 125, 128 (Tenn. 1990)). However, where the appellant fails to provide an adequate record, hindering the appellate court's ability to address the issues, the appeal may be deemed frivolous. *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043 at *5 (Tenn. Ct. App. Feb. 6, 2001) (no Tenn. R. App. P. 11 application filed) (citing *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984); *McDonald v. Onoh*, 772

6

S.W.2d at 914; *Fields v. Fields*, No. 86-131-II, 1987 WL 7332 at *3 (Tenn. Ct. App. Mar. 6, 1987) (no Tenn. R. App. 11 application filed)).

For the reasons set forth above, we find that this appeal was not completely without merit and was, therefore, not frivolous. While we were not provided with an adequate record to fully address the issue, in any event, there is sufficient evidence before this court that other landowner(s) may have an interest requiring their joinder for complete resolution of this boundary line dispute. The lack of transcript is not attributable to either party, but the thoroughness of the statement of the evidence is the responsibility of the appellant. The plaintiff has a duty to join all adjacent landowners, but defendant failed to object soon enough to resolve the issue below. Therefore, we tax both parties equally with the costs of this appeal.

IV.

For the reasons set forth herein, we vacate the order of the court below and remand this cause for further proceedings consistent with this opinion. Further, we find that this appeal is not frivolous and tax the costs equally between the parties, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE