Strafford,
Apr. 7, 1953. } No. 4179.

PAUL E. BOHAN, *Adm'r* v. LORD & KEENAN, INC.

146

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

KENISON. C. J. The defendant contends that there is no evidence to support the conclusion of the Trial Court that the decedent suffered an accidental injury. It is true that there were no eye-witnesses to the occurrence and it was not reported to the defendant by the decedent. Similar factors were present in *Bolduc* v. *Company*, 97 N. H. 360, 363, but it was said in that case the "evidence presented an issue of fact for the Trial Court, which was decided adversely to the defendant." Plaintiff's evidence in support of the Court's finding of an accidental injury came from the decedent's widow, the family physician, and the owner of the oil burner that decedent was repairing. The widow testified that when her husband came home one night the first week in May that soot was badly embedded in his face, that he had a cough and that he went to the family physician, Dr. McCooey. It was the doctor's memory that the decedent came to him covered with soot, a choked cough and that the decedent gave "a history of having inhaled quite a bit of soot." While some of the medical records indicate that the examination may have taken place May 10 or 11 rather than May 3, this was disputed by Dr. McCooey. The owner of the oil burner testified that when he left his home early in the afternoon the basement was clean but when he returned about five o'clock on May 3, 1949, the basement was covered with black soot.

While none of these witnesses could testify that they actually saw or heard the oil burner backfire or explode against the decedent, their testimony was a basis for such an inference to be drawn by the fact-finder. In previous cases facts have been determined and infer-

ences have been made without the benefit of eye-witnesses. This has been true even in capital offenses and serious crimes. *State* v. *Thorp*, 86 N. H. 501, 510; *State* v. *Gobin*, 96 N. H. 220, 222. Likewise the rule has been applied in negligence cases (*Stanton* v. *Mills*, 94 N. H. 92, 94; *Emery* v. *Company*, 89 N. H. 165, 167) and workmen's compensation cases (*Bolduc* v. *Company*, 97 N. H. 360, 363), and is not a rule peculiar to this jurisdiction. VII Wig. Ev. (3rd *ed.*) *ss.* 2078, 2081a. We know of no reason why it should not be allowed in this workmen's compensation case. Nor is this the first case which has not extended the eye-witness rule to an accident caused by an explosion. *Consumers Power Co.* v. *Nash*, 164 F. (2d) 657, 659. The finding that an accident occurred on May 3, was one that could have been made on the conflicting evidence and is therefore not to be overturned by an appellate court.

The defendant's main contention is that the medical evidence does not sustain a finding that the decedent's death was caused by the explosion of the oil burner even if such an incident occurred. It is argued that the plaintiff's case is supported by an esoteric theory of medical causation. The finding of the Court that there was a causal relation between the decedent's death by coronary thrombosis and the inhalation of soot is supported by the testimony of the attending physician and disputed by the defendant's medical evidence. A reading of the record shows that the defendant's cross-examination of the attending physician was rigid, fair, effective and damaging. Nevertheless the Trial Court accepted this testimony in preference to the defendant's medical testimony. Unless we can say that this medical testimony is so tenuous that it is incredible as a matter of law, it must stand. *Walter* v. *Hagianis*, 97 N. H. 314. Of course it is possible that the plaintiff's medical evidence may have been erroneous and in conflict with the opinions of more celebrated experts. This did not make it incredible as a matter of law. See *Lynch* v. *Sprague*, 95 N. H. 485, 488. "We are not prepared to hold that, as a matter of law, the testimony of an iconoclast is always without probative force. . . . The question whether a self-professed expert is an expert or an impostor remains one for the presiding justice, only reviewable here for manifest error and no case of such error is here made out." *Ricard* v. *Insurance Co.*, 87 N. H. 31, 36.

Appellate courts have been hesitant to determine whether the opinion of a doctor is medically sound when there is a conflict within the medical profession itself. *Murphy's Case*, (Mass.) 103 N. E. (2d) 267; *Pittman* v. *Pillsbury Flour Mills*, 234 Minn. 517. There

is perhaps more reason for caution in this case since we are dealing with the testimony of the attending doctor who treated the decedent from the time of his injury to his death. See 1 Gray's Attorneys' Textbook of Medicine (3rd *ed.*, 1951) *s.* 1:09. We conclude from the reading of the entire record that the finding of causal relation between death and injury by the Trial Court based on Dr. McCooey's testimony could properly be made. See *Colburn* v. *Normand,* 96 N. H. 250, 254.

A subsidiary contention is made that plaintiff's right to compensation is limited to pneumoconiosis and is therefore governed by the pulmonary dust disease provision of the Workmen's Compensation Law. Laws 1947, *c.* 266, *s.* 2 III. Assuming that the evidence justified such a claim, it is clear that no claim was filed for a death by such a pulmonary dust disease. *Cf. Fortin* v. *Textron, Inc.,* 97 N. H. 291. It is equally clear that the Trial Court made no such finding but specifically found that the decedent suffered an "accidental injury result[ing] in . . . death . . . on May 21, 1949. . . ." Therefore it becomes immaterial to consider the award that would have been made if the death had been found to be due to an occupational disease.

The defendant contends that he was prejudiced by late notice. The pertinent statute reads as follows: "DEFECTIVE NOTICE. No want, defect or inaccuracy of a notice shall be a bar to the maintenance of proceedings unless the employer proves that he is prejudiced by such want, defect or inaccuracy." Laws 1947, *c.* 266, *s.* 15. It is well settled, that the burden of proof showing prejudice, by statute and judicial decision is on the defendant. The Court found that the defendant had failed to sustain this burden. This ruling is supported by the evidence and must be sustained. The delay in notice can be accounted for in part by the fact that the petitioner was required to obtain an order for discovery of the defendant's records. The decision of the Presiding Justice that there was no prejudice here is therefore sustainable. Horovitz, Workmen's Compensation, 249-251; *Duggan's Case,* 315 Mass. 355.

. *Judgment of the verdict.*

GOODNOW, J., did not sit: the others concurred.