GENERAL SHALE PRODUCTS CORPORATION

*v.*

WILL CASEY.

(*Knoxville*, September Term, 1956.)

Opinion filed June 7, 1957.

MINTER, McLELLAN & TIPTON, PENN, HUNTER, SMITH & DAVIS, Kingsport, for appellant.

HARRY L. GARRETT, Kingsport, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation case brought under the Statute, T.C.A. sec. 50-901 et seq. The Chancellor found that the employee suffered total and permanent disability by reason of his permanent disablement from silicosis upon which was imposed tuberculosis. In addition to recovery for total and permanent disability he was allowed to recover hospital expenses not to exceed the sum of $1,500. The employer has seasonably perfected his appeal. The matter has been ably argued by two very able lawyers on behalf of the employer and by one representing the employee. Briefs have been filed, we have read the record, the authorities cited in the briefs and others, and now have the matter for disposition.

There are a number of errors assigned which will not be taken up *seriatim* and copied in this opinion because of the space they would consume. We will answer each of these assignments in general. The main question can be gathered from the brief which is in these words:

"The foregoing factual situation requires an application by this Court of the firmly established legal principle that in deciding a complex medical question the evidence of the experts in that particular field are conclusive in the absence of substantial evidence to the contrary."

And:

"that the Court must look to, and look to alone, the evidence of qualified medical experts."

This question was argued at length at the Bar and is again here very forcefully argued in the brief. Our answer to this question is hereinafter set out. All other questions and a complete statement of the facts have been set forth in a separate opinion which is filed with the record and has been furnished to counsel and the trial court.

The first four assignments of error are an argument that there is no material evidence to sustain the finding of the trial court. We have very carefully read this record and think that there is ample material evidence to sustain this finding. The Legislature in enacting the compensation act expressly entrusted the trial court with the power to find the facts and when such facts are supported by any material evidence, even if this Court thinks the evidence points otherwise, the trial court must be affirmed. This question is covered by Sec-

tion 50-1018, T.C.A., and by examination of the various notes to the Code thereunder and particularly Note 39, will be found dozens of cases that have been decided by the Court since the inception of the Workmen's Compensation Act down to date which support this statement.

This appeal, aside from what is just said about these other assignments of error, is based and predicated on the fact that the trial court erred in accrediting a general practitioner, Dr. Steadman, whom we have quoted above, that the employee had silicosis and did not accept the testimony of numerous other doctors who were called experts that he did not have silicosis. The brief of the appellants is one hundred pages long. Eighty pages of this one hundred though are taken up by a quotation of the doctor's testimony, who was offered on behalf of the employer, that the man did not have silicosis. Obviously this is nothing in the world but another way of arguing that the weight of the proof was against the finding of the trial court. We are not concerned with the weight of the proof because that is a matter for the trial judge. The trial judge determines the credibility of the witnesses and the weight to be given the respective witnesses' testimony.

The question here so ably argued and presented and the authorities cited therefor are authorities generally applicable to common law actions, and where there is no statute as our Workmen's Compensation Statute which governs the weight of the appellate court shall give the finding of the trial court where there is any material evidence to support that court's finding. Sec. 50-1018, T. C. A. and authorities thereunder cited.

██ We have such common law actions as *American Nat. Ins. Co. v. Smith,* 18 Tenn.App. 222, 74 S.W.2d 1078, which hold, in general, that the value of an expert's opinion is for the jury to decide except where highly specialized branch of medical science is involved. This rule though is not applicable and does not apply to this Court in view of the legislation making the finding of the trial court, where there is material evidence, binding on us. Where we have one doctor who testifies to an absolute fact that so and so did cause certain things, and many other doctors testifying to the contrary, and the trial judge believed that one then we are bound by this under our statute. As far as we can find by investigation there are a number of the States of the Union that have a similar or related provision in their statutes and the courts have universally held where there is such a provision that material or substantial or what-not evidence as applies to particular cases is binding on the appellate courts. Of course there are other courts having a different type of statute where a different rule applies. We are not concerned with that though because the rule is as above stated in Tennessee.

The rule in this State and in all other States having a similar provision in their statute is as was stated by this Court in *Benjamin F. Shaw Co. v. Musgrave,* 189 Tenn. 1, 222 S.W.2d 22, 25, that:

> "When it comes to the weight to be given this evidence that is a question for the trial court—trier of facts—to consider this evidence along with other evidence in determining whether or not the injury is a connecting cause to and with the ultimate disability."

This reasoning has been approved in other cases and

particularly approved in an opinion by Chief Justice in *Greybeal v. Smith,* 189 Tenn. 412, 225 S.W.2d 556, 558, where a statement from the Shaw case was quoted with approval as follows:

"It seems to us that in a disputed question of fact under testimony of this kind, highly technical, that the trier of fact should be left free to adopt that view which is most consistent with reason and justice."

That is the rule in Tennessee and necessarily should be so until the Legislature changes the act by which we are bound. The rule as to admission of the evidence of these experts was set forth in *Sanders v. Blue Ridge Glass Corp.,* 161 Tenn. 535, 33 S.W.2d 84, and the weight to be given this testimony is as just above said.

The rule that we were just talking about was applied in *Frady v. Werthan Bag Corp.,* 193 Tenn. 1, 241 S.W. 2d 836, (relied on by the appellants here) because in that case the trier of facts found that the experts were right —that the man did not have silicosis—and the employee appealed and we merely affirmed because the trier of facts had found those things and we were bound thereby.

What we were just talking about is the general rule in States having a provision of the compensation act as we have. In *Richards v. J-M Service Corp.,* 164 Kan. 316, 188 P.2d 939, 943, on a related question that Court said:

"If one qualified doctor testifies that an accident caused or aggravated a condition resulting in disability and the trial court sees fit to base a finding of fact upon such testimony, this court cannot change or disregard the finding even though ten or more other quali-

fied doctors may have testified to the contrary. The final responsibility for reaching proper findings of fact in workmen's compensation cases, as in many others, rests upon the district courts. Such courts from the examination of transcripts should carefully consider the weight and preponderance of conflicting medical and other evidence, the reflected ability and integrity of witnesses, and reach results which will cast credit upon the impartiality and rectitude of judicial tribunals because this court cannot consider such elements in an effort to perpetuate the high respect and esteem for courts which should follow from the exercise of the responsibility.''

In *Bohan v. Lord & Keenan, Inc.*, 1953, 98 N.H. 144, 95 A.2d 786, the New Hampshire Court in following this rule went so far as to hold that if the one doctor bases his opinion on a theory which is not accepted as sound by the majority of the medical profession there is sufficient evidence to support the trier of facts. They said although the theory be novel, unpopular, or iconoclastic, the weight is for the trier of facts.

See also Murphy's Case, 1952, 328 Mass. 301, 103 N.E. 2d 267. Alexander Pope, in his Moral Essays, Epistle III, asks: ''Who shall decide when doctors disagree?'' Our answer in a Workmen's Compensation case in Tennessee is the trier of facts.

Who is the best doctor, who is to be given credit, and who is to be given weight in determining this kind of a question, is up to the trial court who we feel will and do very carefully weigh the evidence as propounded on the one side or the other and then after hearing this evidence

they make up their minds where they think the preponderance lies and what justice demands without regard to sympathy for an injured claimant.

We have very carefully considered this well presented case and after so doing for the reasons above expressed must affirm the judgment below.