**CASSELL BROS., INC., Appellant,**

v.

**Clyde COLE, Appellee.**

Supreme Court of Tennessee.

March 3, 1975.

Jack R. Carrier, Weller & Miller, Johnson City, for appellant.

Howard R. Dunbar, Stanley K. Dunbar, Dunbar & Dunbar, Johnson City, for appellee.

## OPINION

COOPER, Justice.

This is a workmen's compensation case. The employee, Clyde Cole, was found to have a forty per cent permanent partial disability to the body as a whole as the result of an injury to the trapezius muscle sustained on November 1, 1972. At the time of his injury, Mr. Cole was working for appellant, Cassell Bros., Inc., as a laborer on a school construction site. The employer appealed, insisting the trial court erred:

(1) in finding that the "contradictory, unsupported, self-serving statements of the plaintiff and the statements and conclusions of Dr. Richard S. Morrison . . . were sufficient to establish a disability to the body as a whole, contrary to the medical findings of Dr. Pannell . . . and contrary to the findings of Dr. Chapman and Dr. Cupp;

(2) in failing to find that plaintiff's injury was temporary in nature and that his

disability was as found and reported by Doctors Pannell and Cupp; and

(3) in finding that there was competent and substantial evidence for an award of 40% permanent partial disability to the body of the plaintiff as a whole. . . . "

The employer does not dispute the fact that Mr. Cole was injured in the course and scope of his employment, but states "the issue is to what extent the plaintiff was injured in view of the proof in the record."

Medical testimony as to the nature and extent of appellee's injury is in sharp conflict, as is indicated by the assignments of error. We see no need to discuss these conflicts in view of the fact that this court does not weigh evidence in a workmen's compensation case, nor do we pass on the issue of credibility of witnesses. General Shale Prod. Corp. v. Casey, 202 Tenn. 219, 303 S.W.2d 736 (1957). Our review is limited to a determination of whether there is *any* material evidence in the record to support the chancellor's findings. If so, we are bound to accept them. General Shale Prod. Corp. v. Casey, supra; Jones v. Lenoir City Car Works, 216 Tenn. 351, 392 S.W.2d 671 (1965). See also White v. Whiteway Pharmacy, Inc., 210 Tenn. 449, 360 S.W.2d 12 (1962), wherein this court in an opinion by Mr. Justice White, said:

"It is a well settled principle of law in this State that in a Workmen's Compensation Case findings of fact of the trial court will not be disturbed on appeal if supported by any material evidence and this is true even though the preponderance of the evidence is against the finding of the trial court."

And, as stated in the case of Hartwell Motor Company v. Hickerson, 160 Tenn. 513, 26 S.W.2d 153 (1930),

"If the findings are supported by inferences which may fairly be drawn from

the evidence even though the evidence be susceptible of opposing inferences, the reviewing court will not disturb the award."

In this case Dr. Richard S. Morrison, Jr., testified that "whatever damage was done in the original accident has resulted in a very sensitive area of that [trapezius] muscle that whenever it goes into a contraction, which is all a muscle ever does anyhow, it produces the subjective symptom of pain and the objective symptom of going into a spasm." This condition was diagnosed by Dr. Morrison as "chronic post-traumatic myositis of the right trapezius muscle." Dr. Morrison was unable to define or pinpoint the actual damage done to the muscle, but speculated that appellee probably suffered "at least a partial rupture of the right trapezius muscle."

Dr. Morrison went on to say that as the result of the injury to the muscle, appellee "is unable to turn his head to the right without causing pain and he's unable to do any kind of lifting or pushing or pulling . . . anything that requires shoulder muscles to come into activity," and that any such activity probably would cause a flare-up of the injury and may require symptomatic treatment. Dr. Morrison expressed the opinion that appellee had reached maximum recovery "and will stay here except with any kind of activity he'll probably have an exarbation [sic] and may need symptomatic treatment." He then gave the opinion that appellee would have "around thirty percent" permanent disability to the body as a whole as the result of the shoulder injury.

Appellant argues that Dr. Morrison's evaluation of appellee's disability is predicated upon subjective complaints alone, and consequently has no probative value in face of testimony that competent medical men could find no basis for appellee's complaint of pain and disability in the accidental injury sustained by appellee while working for appellant, citing Reynolds v. Liberty Mutual Insurance Company, 496 S.W.2d 890 (Tenn.1973). We find no basis for the conclusion of appellant that Dr. Morrison's testimony was predicated on subjective complaints of appellee only. To the contrary, as heretofore noted, Dr. Morrison found objective signs of injury to appellee's trapezius muscle in that "whenever it goes into a contraction, which is all a muscle ever does anyhow, it produces . . . the objective symptom of going into a spasm."

As we view the evidence, Dr. Morrison's testimony is competent to show medical causation and also to show that appellee has a permanent disability to the body as a whole as the result of an accidental injury to his trapezius muscle which occurred while appellee was employed by appellant. Appellee has a fourth grade education and can do no work other than that of a laborer. The educational limitation on appellee's ability to work coupled with the medical testimony of appellee's inability to do "any kind of lifting or pushing or pulling," which are necessary elements of work as a laborer, in our opinion supports the chancellor's decree of permanent partial disability benefits under the workmen's compensation law to appellant.

Decree affirmed. Costs are adjudged against appellant, Cassell Bros., Inc., and its surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.