**Edsel L. WALLS, Plaintiff-Appellant,**

**v.**

**MAGNOLIA TRUCK LINES, INC., and Transportation Services, Inc., Defendants-Appellees.**

Supreme Court of Tennessee.

April 20, 1981.

Larry E. Parrish, Memphis, for plaintiff-appellant.

Jack A. Childers, Jr., Memphis, for defendants-appellees.

## OPINION

BROCK, Justice.

This is a worker's compensation case. The plaintiff claimed in the trial court that he sustained an injury arising out of and in the course of his employment when he stood up from a squatting position after oiling the wheels of a trailer. The experienced trial judge denied the plaintiff's claim because he was unable to give credibility to the plaintiff's testimony and, accordingly, held that plaintiff had failed to carry his burden of proving that the injury arose out of and in the course of his employment.

On appeal we are limited to ascertaining whether there is any material evidence in the record to support the factual finding of the trial judge. *Davis v. Gulf Ins. Group,* Tenn., 546 S.W.2d 583, 585 (1977); *Cassell Bros., Inc. v. Cole,* Tenn., 519 S.W.2d 796, 797 (1975). Our review of the record indicates there was evidence to support the trial judge's rejection of the plaintiff's testimony and for his conclusion that the plaintiff had failed to carry his burden of proof.

The record indicates that the plaintiff-appellant testified that in October, 1977, he felt a sharp pain in his back as he stood up from a squatting position after oiling the wheels of a trailer. The pain subsided, but after a four to six week lapse, the appellant again began to feel pain. On January 11, 1978, plaintiff saw his family physician, Dr. Moore, who performed x-rays both on that date and again on January 14, 1978. Dr. Moore diagnosed the plaintiff's problem as a ruptured intervertebral disc and referred the appellant to Dr. Buchignani, a neurosurgeon, who diagnosed plaintiff's injury as a ruptured intervertebral disc. On January 27, 1978, the appellant-plaintiff underwent surgery to repair the ruptured disc. A few days following surgery appellant called his foreman, Mr. Al McGuire, and asked that he file an accident report for him. Mr. McGuire did so and submitted January 16, 1978, as the date of the injury. Mr. McGuire testified that the appellant told him during the telephone conversation that he had injured his back while working with a "come along" which had slipped, causing him to fall backward against the trailer. The appellant testified that he told Mr. McGuire of the October, 1977, incident but that Mr. McGuire made up the story about the alleged January 16, 1978, accident and insisted that appellant allow him to use the January 16, 1978, date as the date of his accident. The appellant's story was corroborated by his wife. Later the appellant prepared an accident report in order to make a claim for group insurance benefits from another insuror, the Liberty Mutual Insurance Company. In this report he listed the date of the accident as January 16, 1978, and described the injury as arising from the fall against the trailer. The adjuster for Liberty Mutual Insurance Company, Teresa Jenkins, visited the appellant at his home and he again stated that the injury resulted from his fall on January 16,

1978. Liberty Mutual paid part of the appellant's medical bills as well as benefits for total disability for two weeks, but the insurance payments were terminated when the company learned that the appellant had been to Dr. Moore on January 11, five days before the injury allegedly occurred. The appellant then filed this suit for workmen's compensation seeking benefits for permanent disability and his remaining medical expenses. The plaintiff admitted in his testimony that all of his oral and written statements to his employer and to Liberty Mutual Insurance Company were complete fabrications. At trial the plaintiff testified that his injury occurred in early October, 1977, when he stood up from a squatting position during the performance of his work. He testified that by Thanksgiving, 1977, the pain was severe and that he was limping. But, he told his family physician, Dr. James Moore, on January 11, 1978, that he had experienced pain in his right leg and calf for only one week. Moreover, he gave Dr. Moore no history of any injury. When he visited Dr. Buchignani on January 23, 1978, the plaintiff indicated he knew of no specific injury which had brought on his problems and that he had experienced pain in his right hip and right leg for only three weeks.

In stating his findings of facts at the conclusion of the trial, the experienced trial judge said in part:

"Unfortunately, we have the question of credibility arising. He states on the record that two different dates were given as to the occurrence of the injury and the way it occurred . . . .

"The Court would not want to penalize anybody for a mistake but the Court is going to find, by virtue of the fact that the different dates were given as to when the injury occurred, the different explanations of how the injury occurred, plus the fact the Plaintiff went to the doctor on the eleventh, which did not tie in with the date of January sixteenth, I believe it was, of explanation of that date of injury and it had to be related to the time prior to that, because, obviously, nothing occurred, as far as we know, on the eleventh or sixteenth that the Plaintiff has failed to carry his burden of proof that such injury he has or condition he has arose out of the course of his employment, the Court will find for the Defendant."

The trial judge saw and heard the plaintiff and the other witnesses in this case and it is for him, not this Court to determine whether a witness such as the plaintiff in this case has so far destroyed his credibility by inconsistent statements and by admitted false statements of fact that he is unable to give credence to any of his testimony. His finding of fact in this regard is conclusive if there be any evidence to support it; and in this case we find that the evidence above recited abundantly supports his finding.

In this Court the plaintiff-appellant argues that he should be allowed a recovery on the theory that his back condition was the result of repeated traumas arising out of and in the course of his strenuous employment. He relies upon our decisions in *Brown Shoe Company v. Reed*, 209 Tenn. 106, 350 S.W.2d 65 (1961); *Central Motor Express, Inc. v. Burney*, 214 Tenn. 118, 377 S.W.2d 947 (1964). There is, however, no evidence to support his theory. The plaintiff, himself, insists that his disability resulted from an injury on the job occurring when he arose from a stooping position in October, 1977. Neither is there medical testimony to support this theory. Therefore, the evidence supports the judgment of the trial court denying all relief to the plaintiff.

The judgment of the trial court is affirmed and costs are taxed against the appellant and his surety.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.