Ricky LOVELACE, Plaintiff-Appellee,

v.

OWENS–ILLINOIS, INC., Defendant-Appellant.

Supreme Court of Tennessee.

May 17, 1982.

Heiskell Weatherford, Memphis, for defendant-appellant.

Tim Edwards, Memphis, for plaintiff-appellee.

## OPINION

BROCK, Justice.

This is a worker's compensation case. The plaintiff received an injury by accident arising out of and in the course of his employment as a "stacker" at defendant's plant in Shelby County on February 22, 1979, when his right foot became caught in an hydraulic stacking machine resulting in a painful injury in the area of his right ankle and foot. The employer immediately furnished medical care for the plaintiff's injured right foot and leg and this treatment continued from the date of the accident until November 19, 1979, at which time the plaintiff reached his maximum recovery. The defendant has conceded liability for the medical expenses incurred and for temporary total disability benefits but on this appeal disputes the finding of the trial court that the plaintiff suffers a 25 percent permanent partial disability of his right leg. Defendant argues that the evidence does not sustain the finding that the accident caused plaintiff to sustain a permanent disability and does not sustain the extent of disability awarded by the trial court.

█ This contention requires that we examine the record, not to determine whether we agree with the conclusions of fact found by the trial court, but only to determine if the record contains any credible evidence upon which the trial court's findings could be based. *Dailey v. Russann Lumber Co., Inc.*, Tenn., 590 S.W.2d 933 (1979); *Cassell Bros. Inc. v. Cole*, Tenn., 519 S.W.2d 796 (1975).

The trial court's findings with respect to causation and extent of permanent disability are abundantly supported in the record. Dr. Wendell Whittemore, an orthopedic surgeon, testified on behalf of the plaintiff. He was in charge of treatment of the plaintiff's injury from the date of the accident until November 19, 1979. Initially, the plaintiff's foot, heel and ankle were severely swollen and discolored, requiring that it be immobilized by casts on three occasions. After the gross swelling subsided, the plaintiff continued to experience considerable pain and his Achilles' tendon was palpably swollen over a period of several months until Dr. Whittemore decided that exploratory surgery should be undertaken to determine if the Achilles' tendon had been ruptured. In July, 1979, exploratory surgery was performed revealing no rupture of the Achilles' tendon, but disclosing that an "adventitious bursa" had developed around the Achilles' tendon. Dr. Whittemore removed as much of the deformity thus discovered as was possible and allowed the plaintiff to resume work two or three weeks after the surgery.

The swelling and pain experienced by the plaintiff did subside but when he had reached maximum recovery on November 19, 1979, there still remained some palpable swelling of the Achilles' tendon at the site of the adventitious bursa. Dr. Whittemore expressed the opinion that the plaintiff had sustained a permanent partial disability to the extent of a 10 percent medical impairment of the right lower extremity. He

further testified that in his opinion the injuries and disability sustained by the plaintiff were the result of the accident incurred on February 22, 1979, when the plaintiff's right foot became caught in the stacking machine.

The plaintiff testified that he continues to be troubled by pain in the right lower extremity in the area of the ankle and the Achilles' tendon. Moreover, he vehemently denied that he aggravated his injury in a softball game as alleged by the defendant, a denial which stands unrebutted in the record.

The defendant offered no evidence of any kind.

■ We agree with the characterization of the evidence of causation by the trial court as "overwhelming"; moreover, we conclude that the award by the trial court of 25 percent permanent partial disability to the right leg is supported by the testimony of Dr. Whittemore that the plaintiff has sustained a 10 percent permanent medical impairment of his right leg, by the history and the course of treatment which the plaintiff has undergone and by the plaintiff's testimony. He stated that he continues to have pain and soreness in the area of the injury and that when he was released to return to work by Dr. Whittemore on November 19, 1979, he attempted to return to his job with the defendant but was refused employment because the employer required a second medical opinion from Dr. J. T. Galyon, an orthopedic surgeon. The plaintiff reported to Dr. Galyon for examination but after the defendant received Dr. Galyon's report it still refused to allow the plaintiff to return to work but, instead, demanded that the plaintiff be examined by still another orthopedic surgeon, Dr. Owen Tabor. The plaintiff was examined by Dr. Tabor and after the defendant received Dr. Tabor's report plaintiff was allowed to return to work. However, after a period of two or three days on the job, the defendant's personnel manager approached the plaintiff and offered to pay him $1,000.00 in settlement of plaintiff's compensation claim and upon plaintiff's refusal of this offer he was laid off from work. The plaintiff's discharge slip stated that his layoff was due to lack of work but the plaintiff testified that the personnel manager stated to him that the real reason for his discharge was that, in the defendant's opinion, the plaintiff was not able to do the work because of his injuries.

■ In fixing the extent of an employee's permanent disability the trial court is not restricted to the opinions of medical experts but is entitled to determine the extent of disability from all of the evidence before him, both expert and non-expert, and may properly find that the extent of disability is greater than that testified by a physician. *Employers Ins. Co. of Alabama v. Heath*, Tenn., 536 S.W.2d 341 (1976).

The decree of the trial court is in all things affirmed.

The plaintiff, by motion, pursuant to T.C.A., § 27–1–122, asserts that the appeal by the defendant in this case is frivolous and prays for an award of damages. T.C.A., § 27–1–122, provides:

"When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal."

■ We agree with the appellee that this appeal had no reasonable chance of success. The only issues raised were issues of fact and there clearly was material evidence to support the trial court's findings on those issues. Defendant presented no evidence; plaintiff's evidence was abundant. Accordingly, as we did in *Liberty Mut. Ins. Co. v. Taylor*, Tenn., 590 S.W.2d 920 (1979), and for the same reasons, we hold that this appeal was frivolous and that the appellee is entitled to damages under the statute. Upon remand, the trial court will determine damages which shall consist of the court costs and all of the appellee's reasonable

expenses, including attorneys' fees, incident to this appeal.

The decree of the trial court is affirmed and this cause is remanded to the trial court for a determination of damages for the frivolous appeal and for such other purposes as shall be proper in the premises.

HARBISON, C. J., COOPER and DROWOTA, JJ., and McLEMORE, Special Justice, concur.