| GEORGE M. BOND, | ) | Rutherford County Circuit |
| | ) | No. 37459 |
| Plaintiff/Appellee | ) | |
| | ) | |
| VS. | ) | Appeal No. |
| | ) | 01A01-9704-CV-00149 |
| COM-THER, INC., | ) | |
| | ) | |
| Defendant/Appellant | ) | |

**FILED**

**October 1, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE RUTHERFORD COUNTY CIRCUIT COURT
### AT MURFREESBORO, TENNESSEE

### HONORABLE DON R. ASH, JUDGE

Ryan A. Kurtz
Trabue, Sturdivant & DeWitt
2500 Nashville City Center
511 Union Street
Nashville, TN 37219-1738
and
William P. Suriano
280 Shenstone Road
Riverside, Illinois 60546
ATTORNEYS FOR DEFENDANT/APPELLANT

J. Ross Pepper
222 Second Avenue North
Suite 360-M
Nashville, TN 37201
ATTORNEY FOR PLAINTIFF/APPELLEE

### AFFIRMED AND REMANDED

WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:

HENRY F. TODD, PRESIDING JUDGE, MIDDLE SECTION
BEN H. CANTRELL, JUDGE

GEORGE M. BOND,          )      Rutherford County Circuit
                             )      No.  37459
        Plaintiff/Appellee     )
                             )
VS.                      )      Appeal No.
                             )      01A01-9704-CV-00149
COM-THER, INC.,         )
                             )
        Defendant/Appellant   )

_____

## O P I N I O N

The plaintiff and the defendant entered into a "Contract Services Agreement" in 1994 which provided, as pertinent to this case, that either party might terminate it at any time by giving 30 days notice to the other. On May 19, 1995, the defendant informed the plaintiff by letter that

> " . . . we are discontinuing our relationship with you for Physical Therapy services, effective May 19, 1995.
>
> Normal procedure warrants a 30 day notice, however, in light of numerous complaints regarding your services, we feel it is necessary to cease services immediately."

This suit was filed in the General Sessions Court to recover compensation for 30 days. The plaintiff insists that because he was entitled to 30 days notice of termination of the contract, he is entitled to recover compensation during this period in accordance with his earnings history.

The case was heard *de novo* in the Circuit Court with judgment being rendered for the plaintiff in accordance with his evidence that he would have earned $3,240.00 during the 30 day notice period.

This is a non-jury case and our review is *de novo* on the record accompanied by a presumption of the correctness of the findings of fact of the trial court. TENN. R. APP. P., RULE 13(d).

The plaintiff testified that he independently contracted with the defendant in 1980 to provide hands-on physical therapy to patients referred to him by the defendant, for which he would be paid $45.00 per visit. When asked how many visits he made each week, he replied:

"It varied. I would say anywhere from - really an average of say 18 at

2

the time that they terminated the contract, but up to around 40 visits per week."

The contract was terminated on May 19, 1995 without notice, as we have seen. He testified that for the month immediately preceding May 19, 1995 he averaged 18 visits per week, and for the period from May 21 through June 17, 1995 he would have made 72 visits had the defendant not terminated the contract.

The pleading by defendant was *ore tenus,* but it developed during the trial that its defense to the claim was the alleged poor performance of the plaintiff in rendering therapy to patients referred to the defendant by Century Health Services [hereafter "Century"]. An official of the defendant testified that Century directed his company not to assign the plaintiff any Century patients. Since Century furnished all of the defendant's patients, this action would have left the plaintiff with nothing to do; hence, the early termination.

As the trial judge observed, the contract, prepared by the defendant, is silent on the precise issue. He stated

> "You [the defendant] sent him a letter cold, which violated the contract. Any breach, even if he did all those things [i.e., negligently treated patients] any breach is not addressed in this contract. It probably should have been. I think if you are going to provide medical services they ought to be high quality and people shouldn't be abused, but that is not in there . . ."

Whether the plaintiff breached the contract is not relevant, given the posture of the case, and the plaintiff was clearly entitled to 30 days notice. Had he been given such notice, the defendant might have, with impunity, simply refused to assign patients to him; but in direct, admitted defiance of the contract the defendant chose not to give the required notice. Consequently the courts must enforce the contract as written. *Scandlyn v. McDill Columbus Corp.,* 895 S.W.2d 342 (Tenn. App. 1994); *Coble Systems Inc. v. Gifford Co.,* 627 S.W.2d 359 (Tenn. App. 1981).

The argument of the appellant that the plaintiff cannot recover because no patients could have been assigned to him in view of Century's directive is unavailing under the contract which makes no reference to Century, and in any event does not provide that the defendant may disregard the notice requirement.

The trial judge chose to accredit the testimony of the plaintiff that he could

have made 72 visits during the notice period. The issue largely turns upon the credibility of the witnesses, a determination within the province of the trial judge. *Walls v. Magnolia Truck Lines,* 622 S.W.2d 526 (Tenn. 1981). We cannot find that the evidence preponderates against the judgment.

The appellee was awarded a limited attorney fee of $371.08. He complains of the minimal nature of this fee and presents it for review, insisting that he is entitled to an additur including a fee for services in this Court.

The contractual provisions respecting attorney fees is somewhat unusual. It provides that the defendant agrees to indemnify and hold the plaintiff harmless from all losses, expenses, fees, including attorney fees, costs and judgments that may be asserted against the plaintiff that result from the acts or omissions of the defendant. Given the lack of evidence on the issue, we cannot find an abuse of discretion on the part of the trial judge in limiting the amount of the award of attorney fees.

In light of the obvious intent of the parties however, we find that the plaintiff is entitled to his reasonable attorney fees for this appeal, and the case is remanded for this purpose.

Affirmed, with costs taxed to the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Henry F. Todd, Presiding Judge, Middle Section


_____
Ben H. Cantrell, Judge


4