IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

----------------------------------------------------------------

FILED

Dec. 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

TERRY E. McLEESE, JR.,            )
                                  )      HENRY CHANCERY
        Plaintiff\Appellant       )
v.                                )
                                  )
TAMMY LYNN McLEESE,               )      Appeal No. 02A01-9605-CH-00130
                                  )
        Defendant\Appellee        )


APPEAL FROM THE CHANCERY COURT OF HENRY COUNTY
AT PARIS, TENNESSEE
THE HONORABLE WALTON WEST, CHANCELLOR


**W. BROWN HAWLEY, II**              **THOMAS F. VENTIMIGLIA**
**TERESA McCAIG MARSHALL**           7445 Reynoldsburg Rd.
308 W. Washington St.                Springville, TN 38256
Paris, TN 38242                      Attorney for Appellee
Attorney for Appellant


**AFFIRMED**

                              **WILLIAM H. INMAN, SENIOR JUDGE**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY LILLARD, JUDGE**


**M E M O R A N D U M   O P I N I O N**

Custody of the five-year-old son of these parties was awarded to the appellee-mother in a post-divorce hearing. The parties initially agreed upon joint custody. The father appeals, complaining essentially that the Chancellor relied too heavily on the tender years doctrine. We cannot substitute our judgment for that of the Chancellor, but are bound by the limitations imposed by TENN. R. APP. P., RULE 13(d). Unless the evidence preponderates against the judgment, we must affirm.

Superimposed upon this rule is the important legal principle that the Chancellor's determination of credibility is well-nigh conclusive, *Walls v. Magnolia Truck Lines,* 622 S.W.2d 526 (Tenn. 1981), and credibility of the witnesses was a strong factor in this case.

The Chancellor found:

> The Court is of the opinion that both parties are fit and proper persons to have custody of the parties' child. Presently, the child appears to have a closer relationship with his mother. The Court is not overly impressed with some of the activities of the mother in the past; she also remains unmarried whereas the father has remarried and seems to have a stable home. It is oftentimes difficult to determine what is in a child's best interest as the future conduct of any party is obviously unknown. However, although the Court is of the opinion the child will do well with either parent, the Court is of the opinion that presently the child should remain with his mother.

We note that the operative word in the Chancellor's finding is "presently," which was not idly used.

Our review of this record does not reveal that the tender years of the child was an overriding consideration, or that the doctrine based on the youthful age of the child was impermissibly relied upon. We are persuaded that this case is singularly appropriate for affirmance pursuant to RULE 10, RULES OF THE COURT OF APPEALS,[1] and the judgment is accordingly affirmed at the costs of the appellant. The case is remanded to the trial court for all appropriate purposes.

_____

[1] **10. Affirmance Without Opinion - Memorandum Opinion.**
      **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating int he case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.}

2

_____
William H. Inman, Senior Judge

CONCUR:


_____
Alan E. Highers, Judge


_____
Holly Lillard, Judge

# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **TERRY E. McLEESE, JR.,** | ) | |
| | ) | HENRY CHANCERY |
| Plaintiff\Appellant | ) | |
| v. | ) | |
| | ) | |
| **TAMMY LYNN McLEESE,** | ) | Appeal No. 02A01-9605-CH-00130 |
| | ) | |
| Defendant\Appellee | ) | |

_____

## J U D G M E N T

_____

This cause came on to be regularly heard and considered by this Court, and for the reasons stated in the Memorandum Opinion of this Court, of even date, it is Ordered:

1. The judgment of the trial court is affirmed.

2. Costs of this appeal are taxed against the appellant for which execution may issue if necessary.

ENTER:

_____
William H. Inman, Senior Judge


_____
Alan E. Highers, Judge


_____
Holly Lillard, Judge