IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT KNOXVILLE
March 15, 2001 Session

## VADALENE BREWER v. MICHAEL DUNN CENTER ET AL.

**Direct Appeal from the Chancery Court for Roane County**
**No. 13,4000     Frank V. Williams, III, Chancellor**

---

**No. E2000-01298-WC-R3-CV - Mailed - July 2, 2001**
**FILED: AUGUST 6, 2001**

---

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tennessee Code Annotated § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. The trial court found the plaintiff had sustained an injury to her left shoulder in the course and scope of her employment that resulted in 54 percent permanent partial disability. We affirm the judgment of the trial court.

**Tenn. Code Ann. § 50-6-225(e) (1999) Appeal as of Right; Judgment of the Chancery Court is Affirmed**

JOHN K. BYERS, SR. J., delivered the opinion of the court, in which E. RILEY ANDERSON, C. J., and ROGER E. THAYER, SP. J., joined.

Chad Rickman, Knoxville, Tennessee, for the Appellant, Michael Dunn Center.

Roger Ridenour, Clinton, Tennessee, for the Appellee, Vadalene Brewer.

**MEMORANDUM OPINION**

Review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. TENN. CODE ANN. § 50-6-225(e)(2). *Stone v. City of McMinnville,* 896 S.W.2d 548, 550 (Tenn. 1995). The application of this standard requires this Court to weigh in more depth the factual findings and conclusions of the trial courts in workers' compensation cases. *See Corcoran v. Foster Auto GMC, Inc.,* 746 S.W.2d 452, 456 (Tenn. 1988).

## Plaintiff's History

The plaintiff, age fifty at the time of trial, left school in sixth grade but obtained her General Education Diploma (GED) in 1992. She is the single mother of three children, two of whom are dependent minors. Her work history consists of unskilled, entry-level positions.

The plaintiff suffered an injury within the course and scope of her employment with the defendant on January 27, 1998. She was working as a van driver for the defendant, who provides care and classes for people who are mentally and/or physically disabled. While performing her duties of providing transportation for the people who attended the center,[1] the plaintiff was injured when a man being transported to the center unbuckled his seatbelt, turned, grabbed the plaintiff's arm and began striking it.

The plaintiff received medical treatment, both authorized and unauthorized, with differing diagnoses. She subsequently developed complications that resulted in adhesive capsulitis or "frozen shoulder." The trial court found the plaintiff, as a result of her condition and inability to carry out her job duties, quit her position with the defendant. The defendant did not offer the plaintiff an alternate job that she could perform.

## Medical Evidence

On the day following the accident, the plaintiff saw Dr. John Woods, a physician who specializes in occupational medicine. He diagnosed a mild contusion of the left deltoid and returned the plaintiff to work with limited use of her left arm. Dr. Woods released the plaintiff to full duty with no restrictions and no permanent impairment ten days later. He testified that the blunt trauma injury suffered while in the course and scope of the plaintiff's employment would not have developed into a frozen shoulder.

The plaintiff, unhappy with Dr. Woods' treatment, sought treatment from her family physician and eventually from Dr. George M. Stevens, an orthopedic surgeon. Dr. Stevens saw the plaintiff approximately seven months after she sustained the job-related injury. He ordered an MRI and nerve conduction studies, which revealed tendonopathy and a rotator cuff tear. He eventually diagnosed the frozen shoulder. He testified the plaintiff's condition was related the trauma she received during the work-related incident and testified she had sustained a permanent partial disability of 9 percent to the body as a whole.

Dr. Craig Colvin, the plaintiff's vocational expert, testified the plaintiff was permanently and totally disabled.

---

[1] The defendant refers to its clients or students as "consumers."

**Discussion**

Causation

In order to be eligible for workers' compensation benefits, an employee must suffer "an injury by accident arising out of and in the course of employment which causes either disablement or death." TENN. CODE ANN. § 50-6-102(a)(5). The phrase "arising out of" refers to causation. The causation requirement is satisfied if the injury has a rational, causal connection to the work. *Reeser v. Yellow Freight Sys., Inc.,* 938 S.W.2d 690, 692 (Tenn. 1997) (citations omitted); *Fink v. Caudle,* 856 S.W.2d 952 (Tenn. 1993). In the present case, the medical testimony provide a sufficient basis for the trial court's findings of causation. Dr. Stevens testified affirmatively that the plaintiff's condition was caused by the work-related injury received seven months earlier.

When the medical testimony is presented by deposition, as it was in this case, this Court is able to make its own independent assessment of the medical proof to determine where the preponderance of the evidence lies. *Cooper v. INA,* 884 S.W.2d 446, 451 (Tenn. 1994); *Landers v. Fireman's Fund Ins. Co.,* 775 S.W.2d 355, 356 (Tenn. 1989). The trial court's decision to give greater weight to the testimony of Dr. Stevens was not against the preponderance of the evidence. The medical proof shows that Dr. Stevens performed more extensive testing on the plaintiff than did Dr. Woods, who did none except for an x-ray.

Application of Tennessee Code Annotated § 50-6-241(a)(1)

Tennessee Code Annotated § 50-6-241(a)(1) directs the court to limit a workers' compensation award at two and one-half times the impairment rating if the pre-injury employer returns the injured employee to employment at a wage equal to or greater than the wage earned by the employee was receiving at the time of injury. The defendant contends the plaintiff's award should have been limited to two and one-half times the impairment rating given by Dr. Stevens (if the award is found to be justified by this Court) because the plaintiff voluntarily terminated her employment for reasons other than the injury.

The trial court found, and we agree, that the plaintiff did not voluntarily resign from her employment. Therefore, the trial court could make an award of six times the medical impairment rating. The plaintiff testified she did not voluntarily resign; the defendant's employee could not remember. The evidence does not preponderate against the trial court's finding with respect to this issue. Furthermore, the trial court based its finding on live testimony. Where the trial court has made a determination based upon the testimony of witnesses whom it has seen and heard, great deference must be given to that finding in determining whether the evidence preponderates against the trial judge's determination. *See Humphrey v. David Witherspoon, Inc.,* 734 S.W.2d 315 (Tenn. 1987). The trial judge's finding of fact in this regard is conclusive if there is any evidence to support it, and in this case, we hold the evidence supports the finding. *Walls v. Magnolia Truck Lines, Inc.,* 622 S.W.2d 526 (Tenn. 1981).

<u>Extent of Vocational Disability</u>

The extent of vocational disability is a question of fact to be determined from all of the evidence, including lay and expert testimony. TENN. CODE ANN. § 50-6-241(c); *Worthington v. Modine Mfg. Co.,* 798 S.W.2d 232, 234 (Tenn. 1990). Specifically, in making determinations, the court shall consider all pertinent factors, including lay and expert testimony, the employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in the claimant's disabled condition. TENN. CODE ANN. § 50-6-241(c); *Roberson v. Loretto Casket Co.,* 722 S.W.2d 380, 384 (Tenn. 1986). Although the trial court did not make the specific findings listed above, the record clearly establishes a sufficient basis for the trial court's decision. The plaintiff testified she did not know of any work she could do in her current condition; she had made unsuccessful efforts obtain additional skills. The vocational expert, Dr. Colvin, testified the plaintiff was permanently and totally disabled. The plaintiff, fifty years old at the time of trial, has a GED but few skills or job opportunities in her current condition according to the proof.

The cost of this appeal is taxed to the defendant.

_____
JOHN K. BYERS, SENIOR JUDGE

# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE, TENNESSEE

## VADALENE BREWER V. MICHAEL DUNN CENTER
### Roane County Chancery Court
#### No. 13,400

### No. E2000-001298-WC-R3-CV - Filed: August 6, 2001

## JUDGMENT

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of facts and conclusions of law are adopted and affirmed and the decision of the Panel is made the Judgment of the Court.

Costs on appeal are taxed to the defendant, Michael Dunn Center, Et Al, for which execution may issue if necessary.

08/06/01