# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 10, 2005 Session

## PETER PLOTITSA v. MILA PLOTITSA

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-02-1657-2     The Honorable Arnold Goldin, Chancellor**

**No. W2004-01039-COA-R3-CV - Filed December 9, 2005**

This is an appeal from a final order granting the parties an absolute divorce and dividing the marital property. The Final Order also incorporated a permanent parenting plan for the parties' minor child. Husband appeals and asserts, *inter alia,* that the division of marital property is inequitable and that the chancellor abused his discretion. We affirm and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Peter Plotitsa, Pro Se

Mitchell D. Moskovitz and Adam N. Cohen of Memphis, Tennessee for Appellee, Mila Plotitsa

### OPINION

Peter Plotitsa ("Husband/Appellant") and Mila Plotitsa ("Wife/Appellee") were married on April 10, 1982 in Kiev, Ukraine. Three children were born of the marriage; however, at the time of these proceedings, two children had reached the age of majority. In February of 1996, the parties formed a for-profit corporation named All-Trade Management, Co., Inc. ("Corporation"). The Corporation owned real estate located in Cordova, Tennessee, as well as two Fast-Fix Jewelry Repair franchises. One store was located in Memphis, Tennessee, ("Memphis store") operated primarily by Wife, and one in Nashville, Tennessee ("Nashville store"), operated primarily by Husband. A later location was opened in City of Industry, California.

On August 30, 2002, Wife filed a Complaint for Absolute Divorce, alleging inappropriate marital conduct and irreconcilable differences. The complaint sought an equitable division of marital property, and custody of the parties' minor child. Wife filed an Amended Complaint for

Absolute Divorce on September 12, 2002, additionally alleging cruel and inhuman treatment, and sought injunctive relief prohibiting Husband from closing or withdrawing, or otherwise adversely affecting Wife's ability to access family and business related bank accounts. On October 14, 2002, the trial court entered an order granting injunctive relief, prohibiting Husband from dissipating or disposing of any corporate assets, and further enjoining Husband from interfering with Wife's ability to solely operate the Memphis store. An order granting a motion pendente lite was filed November 4, 2002, whereby the trial court ordered Husband to pay Wife $1,300 a month as child support on behalf of the parties minor child.

There is no transcript or statement of the evidence so our review of the record is confined to what is referred to as the technical record. Wife filed a motion for default judgment on November 4, 2002, asserting that the Husband failed to answer or respond to the Amended Complaint for Absolute Divorce or the motion for injunctive relief. The motion was granted by the trial court on November 15, 2002. On December 31, 2002, Husband filed a motion to vacate the default judgment stating that he had not received notice of the proceedings filed by Wife because he was in California at the time. The trial court set aside the default judgment on February 21, 2003.

On January 24, 2003, over four months after the Wife's Complaint for Absolute Divorce, Husband filed an answer and counter complaint seeking an absolute divorce from Wife based on inappropriate marital conduct and irreconcilable differences. Husband sought joint custody of the parties' minor child and an equitable division of the marital property.

On January 24, 2003, Wife filed the first of three emergency petitions for contempt and injunctive relief. In her first petition for contempt, Wife alleged that in December, 2002, Husband (1) had the locks changed on the Memphis store, (2) removed Wife's name from all business accounts, (3) transferred marital property into the name of the parities oldest son, (4) removed substantial funds from the parties' safety deposit box, and (5) failed to pay the court ordered temporary child support. Wife alleged that Husband's conduct was in blatant disregard of the trial court's October 14, 2002, order granting injunctive relief. The trial court immediately ordered Husband to allow Wife to resume her operation of the Memphis store, to provide Wife keys to the store, restore her name on all business accounts, return all business records and documentation for the Memphis store, and provide an accounting of the contents of the parties' safety deposit box

On February 28, 2003, Wife filed her second emergency petition for contempt and injunctive relief stating that Husband (1) had been paying for his personal expenses out of the Memphis store account, (2) had depleted the Nashville store account for purposes unrelated to the business, (3) placed inflated inventory orders with vendors for the Memphis store with payment due upon receipt, and (4) had still failed to pay child support. Husband filed a response to Wife's second contempt petition stating that (1) Wife had withdrawn corporate assets without authority of the corporation, (2) Wife had no ownership in the All-Trade Corporation and (3) Wife had failed to operate the Memphis store in an acceptable manner. On March 4, 2003, the trial court held a full hearing on the second contempt petition, whereby the trial court found that Husband was in criminal contempt and as a sanction for his contempt, Husband was incarcerated for ten days.

On April 22, 2003, Wife filed her third petition for contempt and injunctive relief. This petition was amended on November 6, 2003. Wife stated in the petition and amended petition that Husband had failed to comply with the trial court's first and second orders on petition for contempt and injunctive relief. Among other issues, Wife asserted that Husband (1) had failed to pay child support, (2) failed to return business records and documentation for the Memphis store necessary for Wife to determine and pay payroll taxes, (3) failed to provide an accounting of the contents of the parties' safety deposit box, (4) continued to deplete the checking account for the Memphis store, (5) procured an MCI calling card in Wife's name, and (6) physically threatened Wife. A hearing on Wife's third petition for contempt was scheduled for January 7, 2004. Husband failed to appear for the hearing and the trial court, finding that the Husband had violated the previous contempt orders, found Husband in contempt and sentenced him to one thousand days of incarceration, ten days for each of one hundred violations of the trial court's orders.

On April 17, 2003, Husband filed a motion to vacate the trial court's first and second orders of contempt, and likewise filed a Notice of Appeal to this Court. However, on December 11, 2003, Husband filed a motion to dismiss the appeal of the trial court's contempt orders, which were dismissed by this Court on January 7, 2004. Husband never filed a motion or an appeal to have the court vacate or readdress the court's third order of contempt.

The divorce was set for trial March 17, 2004. Although Husband received notice and had knowledge of the setting of the trial, Husband did not appear. Husband sent a letter to the trial court stating his refusal to appear. The trial court conducted a full evidentiary hearing, heard testimony from several witnesses and accepted numerous trial exhibits into evidence. The trial court entered a Final Decree of Absolute Divorce on March 17, 2004, dividing the marital property, and incorporating a permanent parenting plan whereby Wife was awarded primary custody of the parties' minor child.

On April 14, 2004, Husband filed a *pro se* Notice of Appeal from the Chancery Court's Final Decree. On August 11, 2004, and again on September 14, 2004, this Court entered an order granting Husband an extension of time in which Husband was to file a statement of the evidence with the trial court clerk. On November 12, 2004, the trial court ordered Husband to procure and file the transcript of the proceedings in this cause. As of January 31, 2005, Husband had failed to file the transcript, thus, this Court entered an order on January 31, 2005, which provided, in pertinent part, as follows:

> Appellant is granted thirty (30) days from the date of the filing of this Order in which to file a transcript with the clerk of the trial court. No further extensions of time for the filing of the transcript will be granted absent extraordinary circumstances. Should the Appellant fail to file a transcript within the time allowed herein, this case will be decided as if no transcript or statement of the evidence has been filed.

Husband failed to file a transcript within the allotted time period, and the technical record was transmitted to this Court without the transcript of the proceedings and without the trial exhibits.

Husband appeals *pro se* and presents seven issues for review, as stated in his brief:

1. Whether the Chancery Court of Shelby County, Tennessee denied the Appellants [right] to present evidence in open Court.

2. Whether the Chancery Court was prejudice toward the *pro se* Appellant.

3. Whether the division of the marital assets was unfair and erroneous in respect of the *pro se* Appellant?

4. Whether the Chancellor of the Chancery Court exibit[ed] the discretional abuse of power denying basic due process to the *pro se* Appellant.

5. Whether the Chancery Court failed to protect the interests of the minor children: Barbara Esther Plotitsa, David Isaac Plotitsa.

6. Whether the Chancery Court failed to protect the financial interests of citizens of Shelby County.

7. Whether the Chancellor of the Chancery Court conspired and/or intimidated the Attorneys on both sides; and committed forgery with the Court Records.

Wife submits one issue for review, as stated in her brief:

Whether this Honorable court should award Appellee her reasonable and necessary attorney fees related to Appellant's appeal.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn. R. App. P. 13(d). *Pro se* litigants are entitled to fair and equal treatment, but they are not excused from complying with the applicable substantive and procedural law. ***Paehler v. Union Planters Nat. Bank,*** 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was

-4-

found or should have been found in favor of the Appellee. *Leek v. Powell,* 884 S.W.2d 119, 121 (Tenn. Ct. App. 1996); *Lyon v. Lyon,* 765 S.W.2d 755, 763 (Tenn. Ct. App. 1988).

Husband's first issue is whether the trial court denied the Appellants right to present evidence in open court. Husband acknowledges that he had notice of the time, place and setting of the divorce trial. However, Husband states that because the Chancellor had issued two "wrongful" orders of contempt which would require him to spend one thousand days in jail, he was not able to come to court himself. Husband's failure to present evidence "in open court" was solely a decision made by Husband, and in no way did the trial court deny Husband that right. This issue is without merit.

The second and fourth issues concern the alleged trial court's "prejudice towards the *pro se* Appellant," and the trial court's abuse of discretional power, which Husband alleges denied him his due process rights. Because Husband failed to provide an adequate record on appeal, we are limited to the accusations in his brief and the technical record. Husband failed to cite any specific examples of how the trial court purportedly was prejudiced against him, nor as to how his due process rights were violated. It should be noted that Husband was represented by counsel up until January 2, 2004, and had the assistance of counsel in filing his answer and counterclaim, as well as numerous motions before the trial court. On January 9, 2004, Husband filed a motion to have a public defender appointed by the court on his behalf. There is no absolute right to counsel in a civil trial. *See In re Rockwell,* 673 S.W.2d 512, 515 (Tenn. Ct. App. 1983). There is nothing in the record before this Court to indicate that the trial court in any manner showed prejudice against Husband, or denied him his constitutional rights.

Husband's third issue complains that the division of martial assets was unfair. Trial courts have broad discretion in dividing the marital estate upon divorce. *Loyd v. Loyd,* 860 S.W.2d 409, 411 (Tenn. Ct. App. 1993). The division of marital property concerns factual matters determined by the court from the evidence. The evidence has not been preserved for review by this Court. Accordingly, we must presume that there was sufficient evidence before the chancellor to support his findings and conclusions.

The fifth issue is whether the trial court failed to protect the interest of the minor children, Barbara Esther Plotitsa and David Isaac Plotitsa. David Isaac Plotitsa was born January 6, 2005, and is the son of Tatiana Bluvshteyn and Peter Plotitsa. This child is not the son of Mila Plotitsa, and he was born ten months after the final decree of divorce. The trial court in the context of this proceeding had no responsibility to protect the interest of a child not yet conceived at the time of the trial. Thus, concerning the interests of David Isaac Plotitsa, Husband's argument is frivolous, and the issue is without merit. As for Barbara Esther Plotitsa, Husband states in his brief that he does not argue with the permanent parenting plan adopted by the trial court with the exception that he wishes to be consulted prior to making final decisions concerning the daughter. The record reveals that the trial court appointed a Guardian Ad Litem to represent the best interest of the minor child. Following an investigation by the Guardian Ad Litem, the Wife submitted a Permanent Parenting Plan consistent with the Guardian Ad Litem's recommendations, which was adopted and entered by

the trial court. In the absence of an adequate record on appeal, this Court will presume the trial court's determinations concerning the minor child were supported by sufficient evidence.

Husband's sixth issue is whether the trial court failed to protect the financial interest of the citizens of Shelby County. As Husband fails to address this issue in his brief, this Court finds that the issue is frivolous and devoid of any merit.

Husband's final issue is whether the trial court conspired and/or intimidated the attorneys on both sides, and whether the trial court committed forgery with the court records. As set forth above, Husband has failed to provide this Court with an adequate record on appeal and we are limited to the arguments presented in his brief and the technical record. In support of this issue, Husband provides only a list of orders and actions which he claims to be fraudulent. Husband failed to cite any specific examples of how these orders evidence any conspiracy against him, or how the trial court committed forgery with the court records. There is nothing in the record before this Court to indicate that the trial court conspired against Husband, intimidated attorneys, or forged court records. These are serious accusations against the trial court and Husband has failed to substantiate them in anyway.

Accordingly, the trial court's final order is affirmed. Appellee's sole issue on appeal is whether the present appeal by Husband is frivolous, and for the award of reasonable attorneys' fees and expenses incurred in defending Husband's appeal. A frivolous appeal is one that has no reasonable chance of success. *Lovelace v. Owens-Illinois, Inc.,* 632 S.W.2d 553, 555 (Tenn. 1982). As our Supreme Court has stated, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Davis v. Gulf Ins. Group,* 546 S.W.2d 583, 586 (Tenn. 1977). In reviewing the record and considering this issue, we agree that the appeal had no reasonable chance of success. Issues of fact were involved, and Husband refused, after numerous requests, to provide a sufficient record of the trial court proceedings, preventing this Court the opportunity of adequate review on appeal. Therefore, we hold that the appeal is frivolous.

The decree of the trial court is affirmed, and this cause is remanded to the trial court for determination of damages for the frivolous appeal. Costs of the appeal are assessed to the Appellant, Peter Plotitsa, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-6-